W. H. JOHNSON v. E. H. JOHNSON.
No. 8506.

1. DIVORCE— *wife of non-resident may acquire residence here independently of husband's will.*  A wife, who with her husband is domiciled in another state, has a right to move into this State, and can acquire a residence here independent of the will of her husband, and after a residence of one year may, under our statutes, maintain an action for a divorce against her husband; and where he appears and successfully contests her right to a divorce, the jurisdiction of the court is not divested when it is determined that she left her husband without just cause, but the court may still proceed to render such final judgment in the action as is authorized by the laws of this State.

2. ———— *refused, power of court over property limited to that owned at time of judgment.*  Where in an action brought by a wife against her husband to obtain a divorce and alimony, the court finds that she is not entitled to a divorce, it is error to allow the wife permanent alimony in the form of a quarterly allowance for the support of herself and minor child.    In such a case, where the husband appears and contests the wife's right to a divorce, the power of the court over the property of the parties is limited

to that owned by them at the time the judgment is rendered; and as to such property it may make an order for the equitable division and disposition of it between them.

3. ——— *refused, costs and attorneys' fees of wife not taxable against husband only defending and praying no relief.* In such an action, where the wife asks for a divorce, and the husband merely defends, without asking for any relief against her, it is error for the court, as a part of the final judgment, to tax the defendant with a sum as attorneys' fees for the plaintiff's attorneys and costs of suit.

*Error from Bourbon District Court.*

*Hon. J. S. West, Judge.*

REVERSED AND REMANDED.　　OPINION FILED NOVEMBER 7, 1896.

*W. C. Perry,* for plaintiff in error.

*W. R. Biddle,* and *J. D. Hill,* for defendant in error.

ALLEN, J.　This was an action for divorce and alimony brought by E. H. Johnson, who claimed to be a resident of Bourbon County, Kansas, against her husband who resided in Zanesville, Ohio. The only ground relied on for a divorce was cruelty. The defendant answered denying generally and specifically the charges set out in the petition and averring misconduct of the plaintiff. The pleadings show that the parties were married at Fort Scott, Kansas, on the 15th of October, 1885; that immediately thereafter they went to Zanesville, Ohio, where they resided together until the 24th of December, 1887, when the plaintiff returned to Fort Scott, her former home, where she has resided ever since. As the result of the trial the Court found :—

"1st. That the defendant has not been guilty of extreme cruelty toward the plaintiff as charged and alleged in the petition ; and all the issues herein as to divorce are found for the defendant.

"2d. That the plaintiff is not entitled to a decree of divorce from the defendant.

"3d. That the plaintiff is entitled to additional alimony and an additional amount for attorney's fees, and that the defendant should pay the costs of this action.

"4th. That the plaintiff is entitled to the care, custody and control of the minor child, Lucas Havens Johnson, as hereinafter provided, until the further order of the court or judge."

Thereupon the Court rendered judgment denying the plaintiff a divorce, but allowing her $300 for attorneys' fees; and for the support of herself and her child — $100 to be paid by the 1st of April, 1892, and $125 on the first day of every third month thereafter until otherwise ordered by the Court. The custody of the child was also awarded to the plaintiff with provisions for visitations by the father. Judgment was also entered against the defendant for costs. The defendant alleges error in rendering judgment against him for alimony, attorneys' fees and costs, after having determined the main issue in his favor.

His counsel argues that having found against the plaintiff as to the facts on which a divorce was claimed, it being shown and admitted that the parties had been domiciled in Ohio where the defendant still resides the Court was without jurisdiction to do more than dismiss the action; that the domicile of the wife follows that of the husband except when she separates from him for some just and sufficient cause; that the wife must submit to the will of the 1. Wife of non-resi- husband as to their place of residence dent may acquire residence here unless he affords her just cause for for divorce. separation. By section 640 of the Code of Civil Procedure it is provided that the plaintiff in an action for divorce must have been an actual resident of this State for one year before filing the petition. Section 651 reads: "A wife who resides in this state at the time of applying for a divorce, shall be deemed a

resident of this state, though her husband resides elsewhere." Whatever the rule may be in jurisdictions where there is no such statute, the section quoted gives to a wife the right to acquire, independ-. ent of the will of her husband, a residence in this State for the purpose of bringing a suit for divorce. The defendant having answered, the Court was invested with full jurisdiction to determine all questions that might be properly adjudicated in an action for divorce.

On the merits of the case the finding of the Court was against the plaintiff — that she had no ground for divorce. Section 649 of the Code of Civil Procedure provides that the wife may obtain alimony from the husband for any of the causes for which a divorce may be granted. Section 646 makes provision for the allowance of alimony where the divorce is granted, and also for the disposition of the property of the parties in such cases. Section 643 reads,—

"When the parties appear to be in equal wrong, the court may in its discretion refuse to grant a divorce, and in any such case or in any other case where a divorce is refused, the court may for good cause shown make such order as may be proper for the custody, maintenance and education of the children, and for the control and equitable division and disposition of the property of the parties, or of either of them, as may be proper, equitable and just, having due regard to the time and manner of acquiring such property, whether the title thereto be in either or both of said parties."

There can be no doubt that under this section the Court had full jurisdiction to make all necessary and *2. Power of Court over property of husband and wife.* proper orders for the custody and care of the minor child, which was born and had always lived in Kansas. Had the Court power to decree to the plaintiff $125 every

three months as permanent alimony for the support of herself and child, and to further adjudge against the defendant the payment of $300 as fees for plaintiff's attorneys, and costs of the suit? In *Van Brunt v. Van Brunt*, 52 Kan. 380, where it appeared that the parties had been married for many years, had accumulated a considerable amount of property, the title to nearly all of which was vested in the wife, and that the parties were in equal wrong, and a divorce was refused, an order dividing the property and awarding judgment in favor of the husband for $1,000 out of the property held by the wife, was affirmed by this Court,— the decision being rested on the section of the statute last quoted. See also *In re Johnson, Petitioner*, 54 Kan. 726. In this case a divorce was refused because no ground existed for a divorce. If the action had been brought under section 649 for alimony, the plaintiff must have failed for the same reason that she failed to obtain a divorce. May the court, then, under the guise of dividing the property of the parties as authorized by section 643, in fact grant permanent alimony payable at stated intervals, not merely out of any property now possessed by the husband, but out of any he may hereafter acquire by his own efforts unaided by the co-operation of his wife, and to an amount which in the course of a few years will far exceed the value of the property he now owns? It appears from the opinion delivered by the Judge trying the case and incorporated in the record, that the whole property of the defendant was worth $1,500 to $1,800. $300 was awarded the plaintiff for her attorneys, and $500 a year for the support of herself and child. In three years this allowance would have taken the whole of the defendant's property at the highest valuation stated, and would leave

him still liable to a charge of $500 a year. It therefore cannot be said that the judgment rendered is in substance merely a division of the property owned by the parties at the time the decree was rendered. It is strictly and technically a decree for alimony, coupled in gross with a provision for the maintenance of the minor child. The distinction between an allowance of alimony and a division of property is discussed at length and clearly recognized in the case of *Bacon v. Bacon*, 43 Wis. 197. In 2 Am. & Eng. Encyc. Law. 92, alimony is thus defined: "Alimony is an allowance, which by order of court, the husband, or former husband, is compelled to pay to his wife, or former wife, from whom he has been legally separated or divorced, for her support and maintenance." The foundation for its allowance is the duty of the husband to provide for the wife's support; and where a divorce or separation occurs because of his fault, the duty of providing for her maintenance continues, and the court by an allowance of alimony compels its performance. A division of the property of the parties is an essentially different thing. No matter which party may be at fault, nor what the decision of the court on the merits of an application for a divorce, the court may for good cause make an equitable division and disposition of the property of the parties. In doing this the power of the court extends only over the property of the parties owned by them at the time the order is made. It cannot reach into the future and bind subsequent earnings or accumulations of either party. The order in this case being strictly in the nature of an allowance for alimony, and made in a case where the Court finds that no sufficient ground for such an order exists, is erroneous.

The Court also erred in requiring payment by the

defendant of $300 as fees for plaintiff's attorneys, and costs of the suit.  Section 644 of the Code of Civil Procedure authorizes the court during the pendency of the suit to make such order relative to the expenses of the suit as will insure the wife an efficient preparation of her case, and on granting a divorce in favor of the wife, or refusing one on the application of the husband, the court may require the husband to pay such reasonable expenses of the wife in the prosecu-

3. Costs and attorneys' fees not taxable against husband, when.

tion or defense of the action as may be just and proper, considering the respective parties and the means and property of each.  Neither of the contingencies named in the statute existed in this case.  The wife had been refused a divorce which she applied for.  The husband had not asked for a divorce.  The wife had not been compelled to employ counsel or incur expenses in resisting any application of the husband for a judgment against her.  The whole trial was had on charges made by the wife against the husband, which the Court found unsubstantial and insufficient to warrant a divorce.  Under these circumstances it was error to adjudge attorney's fees and costs against the defendant as a part of the final judgment in the case. *Wagner v. Wagner*, 34 Minn. 441 ; 2 Bishop, Mar. & Div. § 416 ; *Newman v. Newman*, 69 Ill. 167 ; *Wilde v. Wilde*, 2 Nev. 306.  The Court had power in this case to make a proper order for the support of the child of the parties.  It also had power to make an order for the equitable disposition of the property of the parties. But it erred in awarding permanent alimony to the plaintiff, and also in adjudging attorney's fees and costs against the defendant.  The judgment is therefore reversed, and the case remanded for such further

proceedings as are consistent with the views herein expressed.

JOHNSTON, J., concurring.

MARTIN, C. J. (dissenting as to judgment for costs). Under section 591 of the Civil Code the awarding of costs in this case was within the discretion of the trial court; and, no abuse of discretion being apparent, I think the judgment as to costs ought not to be disturbed.