## *In re* JOHN G. COOPER, *Petitioner.*

### No. 17,918.

#### SYLLABUS BY THE COURT.

1. DIVORCE—*Refused*—*Care of Minor Children — Jurisdiction.* Under section 668 of the civil code, providing that when a divorce is refused because the parties are in equal wrong the court may, for good cause shown, make such order as may be proper for the custody, maintenance and education of the children, no separate hearing is necessary and no specific kind of evidence is required to determine whether or not such an order shall be made.

2. ———— *Same.* At the conclusion of the divorce proceedings the judicial question arises upon them whether or not good cause has been shown for the entry of an order for the future protection of offspring. Whichever way the decision may fall, and whether or not it be sound or unsound, the court has jurisdiction to make it.

3. ———— *Order for Care of Minor Children—Enforcement— Contempt.* Should an order of the character described be made it may be enforced by proceedings for contempt and is not vulnerable to collateral attack in the contempt proceeding on the ground of want of jurisdiction.

4. SUPPORT OF MINOR CHILD—*Order—Disobedience—Contempt— Habeas Corpus.* At the conclusion of the trial of a divorce action in which both parties were denied relief because in equal wrong an order was made requiring the father to convey to a trustee property for the maintenance and education of his infant child, the custody of which was given to its mother. The trustee was required to give bond for the faithful performance of his duties. The bond was not given until after citation for contempt had issued to enforce the order. After the bond was given and approved opportunity was offered for compliance with the order, but not improved, and the father was committed for contempt. *Held*, he may not be discharged by means of the writ of habeas corpus.

Original proceeding in habeas corpus. Opinion filed February 10, 1912. Petitioner remanded.

*W. S. Martin,* and *James A. Troutman,* for the petitioner.

*J. S. Ensminger,* for the respondent.

The opinion of the court was delivered by

BURCH, J.:   John G. Cooper was committed for contempt arising from willful disobedience of an order of the district court requiring him to make provision for the maintenance and education of his minor child.   He asks to be discharged on the ground that the order was made without jurisdiction and consequently is void.

The petitioner's wife, Cora T. Cooper, commenced an action for divorce against him, alleging extreme cruelty and gross neglect of duty and praying for alimony and the custody of their three months old babe.   The petitioner answered and asked for a divorce on the ground of extreme cruelty and gross neglect of duty and for the custody of the child.   A protracted trial followed, at the conclusion of which the court made extended findings of fact, one of which was that the parties were in equal wrong.   Conclusions of law were also stated, to the effect that neither party was entitled to a divorce, that the custody of the child should be awarded to its mother, and that property sufficient to insure its maintenance and education should be placed in the hands of a trustee.   Judgment was rendered pursuant to the findings of fact and conclusions of law on April 29, 1911.   The petitioner was ordered to convey specified real estate to a designated trustee for the use and benefit of the child, and the trustee was required to execute a bond in a stated sum to be approved by the court before entering upon his duties.   In lieu of the conveyance the petitioner was given the option of making a deposit of money or interest-bearing securities.   This order was not opposed by the petitioner's attorneys. Later it was modified in some particulars not material to this controversy.

At the date of the decree Mrs. Cooper was living in the same house which the petitioner occupied.   In June, 1911, she left and has since maintained a separate

residence. In August of the same year she made application to the court for an order requiring obedience to all the requirements of the decree, the attitude of the petitioner being that "there is no —— law in the United States that can make me do anything." On October 5 the petitioner was served with a citation to show cause why he should not be adjudged guilty of contempt. His response was that the court had no jurisdiction to make the order requiring the property in question to be deeded to the trustee, and that the trustee had not qualified by giving the necessary bond. A motion was also filed to set aside the objectionable portions of the decree. Several partial hearings were had and several continuances were taken. On October 13 the trustee's bond was filed and approved. On October 14 the motion to set aside the decree was overruled, and on October 16 the petitioner, still being contumacious, was adjudged guilty of contempt, was sentenced to pay a fine and costs, and was ordered committed until he should make the conveyance required of him.

The statute governing the case reads as follows :

"When the parties appear to be in equal wrong, the court may in its discretion refuse to grant a divorce, and in any such case or in any other case where a divorce is refused, the court may for good cause shown make such order as may be proper for the custody, maintenance and education of the children." (Civ. Code, § 668.)

The court had jurisdiction of the subject matter, jurisdiction of the parties, and specific statutory authority for the particular order which was entered. It required no separate hearing to determine whether an order relating to the custody, maintenance and education of the child should be made and required no specific kind of evidence to show good cause for such an order. The whole story told at the divorce trial, including not only the matrimonial infelicities of the parties but also their antecedent character and conduct and the reason-

The State, *ex rel.*, v. Meek.

able inferences to be drawn therefrom, bore directly upon the subject of the future welfare of the child, and raised the judicial question whether or not an order for its protection ought to be entered. The court was obliged to determine that question, and in doing so to decide whether cause for such an order was shown and whether if cause were shown it was of a character entitling it to be called good. Whichever way the decision fell, and whether or not, under the facts, the decision was sound or unsound, the court was vested with jurisdiction to make it.

It is suggested that the petitioner was not in contempt when served with citation because the trustee had not yet qualified. This of course is a subterfuge. Disobedience of the order of the court was not rested on that ground. It was the petitioner's duty to tender the required deed for delivery upon qualification by the trustee. After the trustee did qualify an opportunity to comply with the order was afforded but was not improved.

The petitioner is remanded to the custody of the sheriff.