No. 37,241

LEONARD A. BRAUCHI, *Appellee,* v. ESTHER M. BRAUCHI, *Appellant.*

(195 P. 2d 589)

Opinion filed July 10, 1948.

*Harry A. Lanning* and *John D. Cunningham,* both of Seneca, argued the cause, and were on the brief for the appellant.

*L. L. McLaughlin* and *Walter T. Griffin,* both of Marysville, argued the cause, and *W. J. Gregg* and *E. M. Gregg,* both of Frankfort, were with them on the briefs for the appellee.

The opinion of the court was delivered by

HOCH, J.: Appellant, the defendant in a divorce action, asks us to review an order dividing the property between the parties. Her contention is that the judgment was in fact for alimony only, and not for division of property, and if construed as the latter it was so inequitable as to constitute an abuse of discretion.

The husband brought an action for divorce on the grounds of extreme cruelty and gross neglect of duty. The defendant filed an answer denying, generally, and also filed a cross petition for alimonly only, alleging abandonment for more than one year. The parties had been married about seven months when they separated on May 19, 1946. Plaintiffs' petition was filed on May 1, 1947, and the defendant's cross petition on November 14, 1947. Trial was had and, upon conclusion of the testimony, the trial court held that the plaintiff had not sufficiently established his right to a divorce on the grounds alleged, and that defendant was entitled to relief on the ground of abandonment. The court then found that a division of property should be made between the parties; that the property which each brought to the marriage should be set apart to them, and that the defendant should be awarded "as permanent alimony *and division of property*" the sum of $2,500 in cash, the household goods and effects then in possession of the defendant, and additional articles consisting of a washing machine, cookstove, table, bed, and radio, then in possession of the plaintiff, and that the plaintiff should pay the costs of the action including attorney's fee to defendant's counsel. Motion for a new trial, although not timely filed, was considered by the court and overruled.

We first take note of appellant's contention that the judgment as originally allowed was for alimony only, and not for division of property and that the trial court erred in later amending the decree to show division of property. The contention is not good. Upon the motion for a new trial which was within the same term as the trial, the trial court said:

"Well, I frankly did not examine the Journal Entry closely, it was my intention that the $2500.00 included both the matters, division of the property acquired during marriage and permanent alimony. I don't think that that is included in the transcript, that portion of the discussion. But examination will disclose at the time that that was what was intended. . . The situation is that the Journal will be corrected to conform to the judgment of court and evidence. I am interlining those words in the Journal which has

been filed, so that it will read, that the defendant has been awarded alimony and division of the property in the sum of $2500.00, so that the Journal supports the judgment actually rendered on December 13th . . ."

There is no question as to the power of the district court to make division of the property and in doing so to take into consideration all of the facts and circumstances of the case. The applicable statute, G. S. 1935, 60-1506, reads in part as follows:

"When the parties appear to be in equal wrong, the court may in its discretion refuse to grant a divorce, and in such case or *in any other case where a divorce is refused,* the court may for good cause shown make such order as may be proper for the custody, maintenance and education of the children, and for the control and *equitable division and disposition of the property of the parties, or of either of them, as may be proper, equitable and just, having due regard to the time and manner of acquiring such property,* whether the title thereto be in either or both of said parties, . . ."

It is well settled that an order of the trial court making division of property between the parties in a divorce proceeding will not be disturbed upon appeal unless it is shown to be so unjust and inequitable as to amount to an abuse of discretion. (*Gates v. Gates,* 160 Kan. 428, and cases cited p. 437, 163 P. 2d 395; *Walno v. Walno,* 164 Kan. 620, 625, 192 P. 2d 165.)

The appellant has not brought here for review an abstract of the testimony, and all we have before us bearing upon the issue are the pleadings, the journal entry, and the comments of the trial court.

Under the allegations of the petition, which in the absence of an abstract of the evidence we must assume to be true, all of the property then owned by the plaintiff, having a total stated value of over $26,000, had been accumulated by him prior to the marriage, except certain items having a total value of $4,330, which had been accumulated between October 14, 1945, the date of the marriage, and May 1, 1947, when the petition was filed. What part of the latter amount had been accumulated during the seven months that the parties were living together, and what part plaintiff had accumulated in the more than eleven months between May 19, 1946, the date of the separation, and May 1, 1947, when the petition was filed, does not appear. Neither does the record disclose what, if any, were the earnings of the defendant during the period of a year and a half between the separation and the filing of her cross petition.

As heretofore noted, the appellant has not brought here an abstract of the evidence. But the journal entry discloses that both plaintiff and defendant were present in person, and represented by counsel, and that both offered evidence. After hearing this evidence,

with opportunity to observe the parties, their attitude and demeanor, the trial court made quite extensive comment concerning the whole situation. As this comment throws further light upon the circumstances before the court in making its order dividing the property, we quote the following pertinent portions of it:

"In a situation of this kind, a marriage which only lasted for seven months among and between two persons of reasonably gentle nature, I mean by that there were no blows struck, there was, as counsel suggested, no other women, no drinking, no gambling, they just didn't get along. . . . Well frankly, the only misgiving I have had about this case is whether or not I was correct in denying the divorce to the plaintiff. The situation which developed from the evidence, the plaintiff charged extreme cruelty, which consisted principally of nagging, concerning money matters, and charged the defendant with a grasping attitude, toward his property and his family's property, and I was inclined to believe that such a thing happened. However, the course which I felt I must take in the decision was that I felt it had not—the nagging which the plaintiff charged—had not reached the point yet that I was willing to call it extreme cruelty. That is to say, it is not that I felt it didn't exist, but it was that it would not be just to find that it amounted to extreme cruelty. I emphasize the word extreme.

"The defendant was able to prove the technical ground of abandonment . . . the plaintiff husband simply pulled out and left, of course, he was technically guilty of abandonment. That is strictly technical abandonment. There is scanty proof of extreme cruelty, and of course, that was what plaintiff's case was based upon. . . . Marriages of this short duration, about all the wife is entitled to is enough money to rehabilitate herself. She was a school teacher, the testimony indicates. There were no children. I felt that the award of $2,500.00 was fair on any basis you wish. A $100.00 a month for the duration of the marriage, that is one basis. It is roughly half of the husband's net earnings during the marriage. That is another basis. Considering the amount of money earned by plaintiff, is was fair under the circumstances. . . . I do not subscribe to the view that a woman is entitled to half of a man's property simply because she enters into the marriage relationship, without any other factors. And there are no other factors in this case which weigh upon the conscience of the court to compel the making of any award in addition to what has been made."

No helpful purpose would be served by reviewing our many cases dealing with division of property in divorce actions. Each one rests upon the particular facts involved. In this case, each party was given the property he brought into the marriage, and appellant was awarded substantially more than half the property accumulated during the marriage. Under all the facts and circumstances disclosed we cannot say that the trial court abused its discretion.

The judgment is affirmed.