No. 38,087

ELIZABETH LAMER, *Appellee,* v. LLOYD H. LAMER, *Appellant.*

(228 P. 2d 718)

Opinion filed March 10, 1951.

*D. E. Watson,* of Salina, argued the cause and was on the briefs for the appellant.

*Eugene H. Linville,* of Salina, argued the cause, and *Sanford Manker,* of Salina, was with him on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: Plaintiff sued her husband for divorce upon the grounds of extreme cruelty and gross neglect of duty. In her petition she alleged facts showing jurisdiction of the court, gave the date of their marriage and the names and ages of three minor children born to them; alleged that by their joint efforts they accumu-

lated an equity in a two-acre tract of ground in the city of New Cambria, which tract has a residence thereon which is the home of the parties and their children, and that they had also accumulated household furniture and fixtures. It was further alleged that plaintiff is a fit and proper person to have the custody and control of the minor children; that defendant is a strong, able-bodied man, and then employed, earning $210 per month, and that plaintiff and her children are entirely dependent upon him for support. The prayer was that plaintiff be granted an absolute divorce from defendant; that while the case is pending he be required to pay temporary alimony and child support and attorney's fee, and that the court grant plaintiff "an alimony judgment either in property or money"; that plaintiff be given the custody of the minor children, and that defendant be required to support and maintain them. Upon plaintiff's motion therefor the court made an order that defendant pay $75 per month pending the action for the support of plaintiff and the minor children, and that defendant pay in court $50 to apply upon plaintiff's attorney's fee. There were other motions and restraining orders which need not be specifically noted.

Defendant filed an answer which contained a general denial of the allegations of the petition not specifically admitted, admitted the residence of the parties, their marriage and the birth of their children; alleged the accumulation of the New Cambria property, on which it was alleged there remained a loan of $850, and alleged the accumulation of personal property and household goods, which were described in detail, used by plaintiff and defendant in their home at New Cambria; specifically denied defendant had disregarded his marriage vows and obligations, and specifically denied that he had been guilty of an act or acts of extreme cruelty or gross neglect of duty, and alleged that he is a fit and proper person to have the care, custody and control of the minor children. The prayer of the answer was that plaintiff be denied a divorce, that the court determine the interest of plaintiff and defendant in the property described in the answer, and determine who shall have the care, custody and control of the minor children of the parties, and that he recover his costs and such other equitable relief as may be proper.

To this answer plaintiff filed a reply in which she denied all allegations of the answer inconsistent with the allegations of her petition, and specifically denied that defendant is a fit and proper

person to have the care, custody and control of the minor children.

No dates are given in the abstract when any of the pleadings or motions were filed in this case. At some time defendant asked that plaintiff file a bill of particulars, and one was filed which covers about four pages of the printed abstract. Defendant moved to strike portions of that and to have it made definite and certain, and this motion seems to have been sustained in part. Whereupon plaintiff filed an amended bill of particulars which covers more than six pages of the printed abstract, which concluded with the prayer that plaintiff be granted the equity of the parties in their New Cambria home and the furniture and fixtures therein so that she could have a home for herself and children. Defendant's motion to dismiss and his demurrer to plaintiff's amended specification of facts and reply were by the court considered and denied. There was a trial, which we are told consumed three and one-half days. From this the court made the following conclusions of fact and law:

"CONCLUSIONS OF FACT AND LAW

"From a full and careful consideration of the competent evidence, the court makes the following conclusions of fact and of law herein:

"CONCLUSIONS OF FACT

"1. Plaintiff and defendant were married at Abilene, Kansas, December 1, 1935, have ever since been and are now wife and husband. The court has jurisdiction of the subject-matter and of the parties to the action.

"2. At the time of said marriage of plaintiff and defendant Plaintiff was the mother of two small children by a former husband from whom she was then divorced. Plaintiff had custody of said children, one being a female child named Ruth Pierce.

"3. Subsequent to their marriage the parties resided at various addresses in Salina, Kansas, until about September, 1945, when they moved to New Cambria, a small town several miles east of Salina, but in Saline County. At the time of their removal to New Cambria, in addition to the two children of plaintiff's first marriage as previously mentioned, the parties hereto had three children of their own marriage, who are now minors and whose names and ages are as follows: Nina Lamer, a girl, aged 13; Wayne Lamer, a boy, aged 12; Judith Lamer, a girl, aged 5.

"4. That at times during the residence of the parties, first on Penn Street and then on College Avenue in Salina, Kansas, but prior to and before the removal of the parties to New Cambria about September, 1945, the defendant was guilty of certain acts amounting to extreme cruelty toward plaintiff, said acts being those testified to by the witness Ruth Pierce, but which are not set out at length herein as no useful purpose could be served thereby. That upon plaintiff being informed concerning such acts of extreme cruelty, she consulted attorneys at Salina relative to instituting an action against defendant for divorce, and contemplated the institution of the same. That plaintiff and

defendant met at the offices of the plaintiffs then and present attorneys of record, and there consulted together, and that although plaintiff announced her love and affection for the defendant had ended because of his said acts yet she continued to reside and to cohabit with him as his wife, from such time until shortly before the institution of this action, and that plaintiff has thereby condoned any and all acts of extreme cruelty of defendant toward plaintiff occurring prior to the removal of the parties to New Cambria at the time aforesaid. That defendant was guilty of no acts constituting gross neglect of duty.

"5. That plaintiff has not proved defendant to have been guilty of any act of extreme cruelty nor of gross neglect of duty toward the plaintiff since the removal of the parties to New Cambria in September, 1945, nor since said condonation set out in the paragraph next preceding, and that plaintiff is not entitled to be divorced from defendant.

"6: That the parties hereto have jointly accumulated during their marriage, and now own a 2-acre tract of real estate with dwelling house thereon, situate at New Cambria, Saline County, Kansas, together with the household furniture and equipment contained in said dwelling. That said real estate is of the value of $2,500.00 with a purchase money lien of approximately $750.00 there against. That plaintiff, and defendant's minor children reside thereat. That plaintiff's children of her first marriage are adult and no longer reside with her, the daughter Ruth Pierce being married.

"7. In addition to the above property of the parties is an automobile of little present value.

"Conclusions of Law

"1. That plaintiff has legally condoned any and all acts of extreme cruelty of defendant toward her occurring prior to the removal of the parties to New Cambria, Kansas, in September, 1945; and that no acts of defendant amounting to extreme cruelty toward plaintiff have occurred subsequent to such date or subsequent to such condonation. That defendant is not guilty of gross neglect of duty at any time mentioned in the evidence. That a divorcement of the defendant is refused plaintiff.

"2. It is determined by the court that under the circumstances existing in this case, although divorce is refused plaintiff, that such division as is here-inafter made is alike just and equitable to the parties thereto and also is for the best interests of said minor children of the parties here involved. That by way of said division, the real estate comprising said dwelling house and grounds of the parties at New Cambria, Kansas, together with the household furniture and equipment contained in said house, is set aside to plaintiff as her sole and separate property free from any claim of the defendant therein, and that as between the parties hereto the defendant shall not be liable for the further payment of any portion of the purchase money lien there against; said property being particularly described as follows, to-wit: (Legal description set out.)

"3. It is determined by the court that the plaintiff is a fit and proper person to have the care, custody and control of the minor children of the parties, to-wit: Nina, Wayne and Judith Lamer, and the care, custody and control of said children is ordered awarded her.

"4. That for the maintenance and support of said minor children the defendant is ordered to pay plaintiff through the office of the clerk of the district court of Saline County, Kansas, the sum of $75.00 per month, the initial payment thereof being payable 30 days after the last payment of temporary child support due and payable according to the court's previous order made herein.

"5. It is ordered that defendant shall be entitled to visit said minors at the home of plaintiff for the period of one hour upon one occasion each week, and that defendant shall also be free to see or visit with said two oldest minor children wherever they may be outside said home, provided only that such times or occasions do not reasonably interfere with the proper exercise by plaintiff of parental care and control of said children and is in no way actually disadvantageous to them.

"6. That plaintiff, who has heretofore applied for additional attorneys' fees, is given judgment against defendant for $75.00 additional fees, for her attorneys, payable 90 days from this date, and that the costs of this action shall be taxed against the respective parties who have incurred them."

Defendant moved the court to strike conclusions of law Nos. 2, 3, 4, 5 and 6, and further moved the court to render judgment denying plaintiff a divorce and in his favor for costs. He also filed a motion for a new trial upon substantially all the statutory grounds. These motions were heard by the court, considered and denied. The court rendered a decree in harmony with its conclusions of fact and of law. Defendant has appealed.

It will be noted that the parties are still husband and wife. No divorce was granted to plaintiff, and defendant did not ask for one. After the appeal defendant desired to continue paying the $75 a month for the support of the children, but was afraid if he did so he would be held to have conformed to the decree in that respect to the extent that it would bar his appeal. He therefore asked this court to permit him to continue those payments without affecting his right to appeal, and the court granted that request.

Appellant contends the court erred in overruling his demurrer to plaintiff's petition with its amended bill of particulars and reply upon the ground that they did not state facts sufficient to state a cause of action. We have examined this contention and find no substantial merit therein.

At the beginning of the trial defendant moved for a continuance because of the absence of material evidence which would be produced and testified to by Don Pierce, the oldest son of plaintiff, of El Reno, Okla., and made an affidavit as to what he understood Pierce would testify to if present. The defendant never made any

effort to have him present for the trial or to take his deposition. The court overruled the motion. This was not error. More than that, the record indicates that what defendant thought Pierce would testify to would be nothing more than cumulative of evidence which was presented.

Appellant contends that his motion to render judgment for defendant denying divorce to plaintiff and for further judgment for defendant for his costs, made after the court had made its conclusions of fact and of law, should have been sustained, and points out that the court did not make a specific finding of "just cause shown," citing, G. S. 1949, 60-1506; *Brauchi v. Brauchi,* 165 Kan. 542, 195 P. 2d 589; *Perkins v. Perkins,* 154 Kan. 73, 114 P. 2d 804; *In re Cooper,* 86 Kan. 573, 121 Pac. 334; *Bowers v. Bowers,* 70 Kan. 164, 78 Pac. 430. The argument is that the court having found no cause for granting the divorce the case should have closed at that point with judgment for defendant. The plaintiff in her petition and the defendant in his answer had asked the court to make an order respecting the custody of the children, and respecting the rights of the parties as to the property. The statute cited conferred that authority upon the court, and an examination of the cases cited tends to support the order of the court rather than to oppose it. The point is not well taken.

Appellant contends that no attorney fees should have been granted to the plaintiff below. In this he relies heavily on *Johnson v. Johnson,* 57 Kan. 343, 46 Pac. 700, where it was held:

". . . where the wife asks for divorce, and the husband merely defends, without asking for any relief against her, it is error for the court, as a part of the final judgment, to tax the defendant with a sum as attorneys' fees for the plaintiff's attorney and costs of suit." (Syl. 3.)

We do not find the case has been cited on that point. The holding should be limited to the facts of the case, which differ from the facts here. Defendant did ask for affirmative relief, as shown by his answer, previously mentioned, and by his brief in this court. Our statute (G. S. 1949, 60-1507) places the allowance of attorney fees for the wife in a divorce case largely to the discretion of the court. (See cases cited under the section, particularly *Hawley v. Hawley,* 164 Kan. 176, 188 P. 2d 650.) Under the facts in this case we find no abuse of the court's discretion in the allowance of attorney fees. The case was bitterly contested on every point. Appellant argues:

"Plaintiff should be denied custody of the children, child support, any prop-

erty, and defendant should not be restricted in his association with and custody of and control of his children. If either parent should have custody of the children at the exclusion of the other, defendant should have it."

Under this heading appellant reviews the evidence, with a sharp criticism of the testimony of a number of the witnesses. We have examined all of this testimony which has been abstracted by either side and find no just reason to complain of the result reached by the trial court. Certainly, the credibility of the witnesses and the weight to be given to their testimony was for the trial court and is not for this court. Neither do we think the trial court abused its discretion in letting plaintiff have the home, since it was the only available method of providing a home for the children. Neither was it error to give the custody of the children to the mother. They are of an age that they need maternal care, and of course the appellant is away from home during the day while at work. In view of his limited income and assets the expense of this appeal will be burdensome upon him, but that is not a matter which the trial court or this court could control.

Appellant's complaint of the overruling of his motion for a new trial is not well taken.

We find no error in the record. The judgment of the court below is affirmed.