No. 38,657

JEAN GOETSCH, *Appellee,* v. H. LEE GOETSCH, *Appellant.*

(245 P. 2d 173)

Opinion filed June 7, 1952.

*Hal E. Harlan, A. M. Johnston, Charles S. Arthur,* and *Charles D. Green,* all of Manhattan, were on the briefs for the appellant.

*Edward Rooney, J. A. Dickinson,* and *David Prager,* all of Topeka, were on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal by a defendant from an allowance of fees to plaintiff's attorneys in an action for divorce, custody and support of minor children and for alimony.

Appellant assigns as error (1) the admission of incompetent evidence; (2) the consideration thereof by the trial court; (3) the allowance of an excessive fee; and (4) the overruling of his motion for a new trial.

All evidence introduced was in support of the claim for a reasonable attorneys' fee. Appellant offered no testimony on the subject. Appellant did testify concerning his financial ability to pay an attorneys' fee. On cross examination appellant admitted he would be able to pay on the next day the amount of the fee which the court finally allowed.

Counsel for appellant admit the fixing of an attorney's fee in cases of this character rests largely in the sound judicial discretion of the trial court. They, however, contend the court abused its discretion by allowing an excessive fee. It is unnecessary to encumber this opinion with a lengthy narrative of testimony introduced in support of the allowance. The testimony of four witnesses supported the order. The witnesses were two of the three lawyers who represented appellee and two other disinterested and experienced attorneys whose qualifications are not challenged. The district court expressly found the services of appellee's attorneys were reasonably worth the fee it allowed. The only function of this court as a reviewing court is to examine the record in order to ascertain whether there is testimony to establish the finding of the district court. The order was well within the range of the testimony adduced and, as previously stated, no contrary evidence was offered. Manifestly, in the face of such a record, this court will not reverse a district court on the ground it abused sound judicial discretion in determining the fee it allowed.

Appellant, however, contends the court admitted and considered incompetent evidence. The contention requires only a brief statement of the general nature and character of some of the evidence involved. The evidence discloses appellant is a man of substantial means with varied lucrative business interests. He owned some businesses and had an interest in others. He owned various lands in western Kansas and personal property of different kinds. The

testimony also discloses appellant in early conferences, looking towards a possible settlement of property rights, placed a lower valuation on his properties than appellee's counsel believed their true value warranted. They, therefore, made extensive investigations themselves and also obtained the assistance of others better equipped and qualified to determine the true value of appellant's properties. This included the employment of associate counsel in western Kansas to obtain a true valuation of western Kansas lands. A tax expert was consulted on tax problems involved under various possible divisions of property rights. These general recitals constitute a sufficient background for later testimony which appellant contends was incompetent.

After extended preparation for trial with approximately twenty witnesses subpoenaed on each side, the parties, perhaps aided by a suggestion from the trial court, decided to make a final effort to reach an agreement on a property settlement. Notwithstanding the continuing bitterness between the parties their respective counsel ultimately succeeded in effectuating such agreement.

We now reach the alleged incompetent testimony. Appellee's counsel, in substance, testified that as a result of their various services, including the information acquired by means of the previously mentioned investigations relative to the true valuation of properties involved, they were able to obtain an ultimate settlement far more favorable to appellee than any offer appellant previously had made. Appellant's counsel argued this last testimony was incompetent for the reason a fee allowed to a wife's attorneys should not be based upon the amount of a husband's property they succeed in acquiring for the wife.

That is not an entirely accurate statement of the question presented here. It appears the property, or most of it, was acquired during the period of the marital relationship. Appellee was granted a divorce by reason of appellant's fault. The court, therefore, could allow appellee alimony in such real or personal property, or both, or by decreeing to her a specific sum of money. (G. S. 1949, 60-1511.) A property settlement was made pursuant to an agreement of the parties and the court rendered a lump sum money judgment in favor of appellee making part of it payable in installments and in satisfaction of the balance of the judgment set aside to her various tracts of land.

All services rendered by appellee's attorneys in connection with

every issue of the case, as well as the property settlement, were proper considerations in determining a reasonable allowance. Appellee's attorneys would not have done their full duty had they failed to represent appellee in a manner designed to effectuate a just and equitable settlement or judgment in her favor. It, in substance, was the view of the trial court that if the services of appellee's attorneys benefited appellee in obtaining such a result their work constituted a proper matter for the court's consideration in determining what constituted a reasonable fee. We find nothing wrong with that view.

This is not a case involving public policy similar to those cited by appellant in which attorneys have entered into a contract with a wife which provides their fee from her shall be based upon the amount of property or alimony they can obtain from her husband. This is a case in which a court is called upon to determine a fair and reasonable attorneys' fee based on services rendered. The evidence in this case discloses the attorneys had no agreement with appellee concerning a fee and that she owed them nothing. The testimony complained of was not incompetent.

. We shall mention one other complaint. In appellant's brief it is argued the court improperly excluded certain evidence of appellant touching his offer, or offers, of property settlement. We need not labor this point. Erroneous exclusion of evidence is not one of the assignments of error. Moreover no evidence was offered by appellant on his motion for new trial on this point or on any other. The trial court, therefore, had no indication of what his testimony would have been had he been permitted to testify on that subject. This complaint, if it constituted error, is not properly before us for review.

The judgment is affirmed.

HARVEY, C. J., dissents.