No. 39,110 and No. 39,170

BLANCHE BENNETT, *Plaintiff* (JOSEPH COHEN and CHARLES S. SCHNIDER, *Appellees*) v. THOMAS M. BENNETT, *Appellant*.

(266 P. 2d 1021)

Opinion filed February 16, 1954.

*John A. Etling,* of Kinsley, and *S. R. Blackburn,* of Great Bend, argued the cause, and *Tudor W. Hampton* and *Jerry M. Ward,* both of Great Bend, *P. B. McAnany,* of Kansas City, and *W. N. Beezley,* of Kinsley, were with them on the briefs for the appellant.

*Charles S. Schnider,* of Kansas City, argued the cause, and *Joseph Cohen, Thomas E. Joyce, John E. Shamberg,* and *Joseph P. Jenkins,* all of Kansas City, were with him on the briefs *pro se.*

The opinion of the court was delivered by

WEDELL, J.: Two appeals from orders made in an action for divorce, alimony and division of property have been consolidated for review.

Both appeals involve orders pertaining to fees allowed to plaintiff's attorneys who were discharged by plaintiff before final judgment was rendered. It should be noted the title of the action on appeal does not reflect the true appellees. Plaintiff's former counsel, Joseph Cohen and Charles S. Schnider, are the real appellees and not the plaintiff, Blanche Bennett. As to proper title of action in this court, see G. S. 1949, 60-3315. Her husband, Thomas M. Bennett, is the only appellant. We shall, therefore, refer to Blanche Bennett as the plaintiff.

Defendant was the owner of extensive property interests varying in value according to the testimony of witnesses from $500,000 to $1,000,000.

The appeals partly involve procedural steps which it is necessary to narrate in some detail. The action was filed August 10, 1950. On February 20, 1951, Judge William McHale, the judge presiding over division four of the district court of Wyandotte county, ordered defendant to pay plaintiff $350.00 per month as temporary alimony and allowed her attorneys a temporary fee of $500.00 towards the preparation of plaintiff's case. On July 17, 1951, *plaintiff filed* an application for an allowance of $2,000 as suit money and for an additional allowance on account for her attorneys. In this application the plaintiff set forth extensive work necessary to be performed by her attorneys in preparation for trial. On July 30, 1951, Judge

McHale, after hearing evidence and arguments on plaintiff's motion ordered, "That the question of an additional allowance on account of attorneys' fees to plaintiff's counsel be reserved until the trial of the above entitled action," but allowed suit money only in the sum of $250.00.

Approximately one year later, August 19, 1952, plaintiff's attorneys, appellees, filed a motion in which they advised the court they recently had been discharged by plaintiff and requested an order awarding them a reasonable fee for services rendered on plaintiff's behalf to be taxed as costs in the action and to be paid by the party against whom the costs should thereafter be assessed. Defendant's objections to the introduction of testimony will be treated later. On October 6, 1952, the court heard extensive testimony on the subject of services rendered by plaintiff's counsel and on the value thereof.

On December 22, 1952, Judge McHale upon consideration of testimony adduced found plaintiff discharged her former attorneys without just cause but that she had a right to do so, with or without reason; that the previous allowance to plaintiff's attorneys on account for services rendered before their discharge was not an adequate and reasonable fee; the court had jurisdiction to determine the reasonableness of their fee not only by reason of the court's previous reservation of that question but also by reason of the instant claim filed by plaintiff's previous attorneys. The journal entry of December 22, 1952, further discloses:

"8. The court further finds that the services rendered plaintiff by Joseph Cohen and Charles S. Schnider, and their associates and employees in their law firm, included participation in many protracted hearings, all bitterly contested; involved in a receivership, accounting between alleged partners and several novel legal questions; demanded extensive preparation to establish plaintiff's claim because of the importance of said action in that it involved property of the value of approximately $500,000.00 or more, and the varied and extensive holdings and transactions involved.

"9. That the value of the services of said attorneys so rendered, according to the testimony of Edward M. Boddington, Sr., A. J. Herrod and Thomas H. Finigan, reputable members of the Bar of Wyandotte County, is from $10,000.00 to $15,000.00. That no testimony to the contrary was offered by either plaintiff or defendant.

"10. The court therefore finds that Joseph Cohen and Charles S. Schnider, attorneys at law, should be awarded the sum of $9,000.00 as and for additional attorneys' fees, in full for their services rendered in behalf of plaintiff in connection with this litigation.

"11. That said amount should be taxed as costs in this case to be paid by the party or parties hereafter adjudged to pay the same by the court trying this action or assessing costs herein.

"It Is Therefore by the Court Ordered, That said Joseph Cohen and Charles S. Schnider, co-partners doing business as Cohen and Schnider, attorneys at law, be and they are hereby awarded the sum of $9,000.00, as and for additional attorneys' fees for services rendered in behalf of plaintiff in connection with this action.

"It Is Further Ordered, That said sum be and the same is hereby taxed as costs in this action to be paid by the party or parties hereto, hereafter adjudged to pay the same by the court trying this action or assessing costs herein, and said Joseph Cohen and Charles S. Schnider, doing business as Cohen and Schnider, shall be authorized to enforce the collection of this judgment in their favor in their own names or in the name of the Clerk of this court."

Defendant filed a motion for a new trial which was overruled on March 6, 1953, except that the court granted a new trial for the purpose of determining *who should be required to pay the award made to plaintiff's previous attorneys*. From the order fixing the reasonableness of such fee and from the intermediate adverse rulings made in connection therewith defendant perfected his first appeal.

On April 15, 1953, the trial of the main action came on for hearing in the first division of the district court of Wyandotte county before Judge E. L. Fischer. He awarded a divorce to plaintiff and approved a property settlement agreement, pertinent provisions of which will be noted presently. Prior, however, to the hearing of the main action plaintiff's original attorneys appeared and requested the court to delay the trial of the main action until it was determined who should pay their attorneys' fees. Judge Fischer concluded the matter should be determined after the trial of the main action and that such decision should be left to Judge William H. McHale, who previously had determined the reasonableness of their fees. He, therefore, expressly reserved that matter for determination by Judge McHale. The latter began the hearing on that subject the same day. It was continued until the next day when Judge McHale taxed such fees to the defendant as part of the costs. Defendant's motion to vacate this order and his motion for a new trial were overruled. Thereafter, defendant perfected a second appeal. This was from the last mentioned order and from the orders overruling both his first and last motions for a new trial.

Appellant's first three specifications of error are presented together. They, in substance, are (1) the court should have sustained his motion to strike appellees' motion for attorneys' fees from the files; (2) it should have sustained his objections to the introduction of testimony in support of appellees' motion for attorneys' fees; and (3) the court lacked jurisdiction to entertain appellees' motion.

Specifications (1) and (2) depend on the correct answer to the third specification.

The first question, therefore, is not whether the court erred in the amount of attorneys' fees it allowed but whether it possessed jurisdiction to allow any fee for services rendered at a time when appellees were no longer plaintiff's attorneys. Appellant relies on the provisions of G. S. 1949, 60-1507, the pertinent part of which reads:

"After a petition has been filed in an action for divorce and alimony, or for alimony alone, the court, or the judge thereof in vacation, may make without bond, and enforce by attachment, such order . . . for the control of the children and support of the wife or the wife and children, *during the pendency of the action,* as may be right and proper, and may make such order relative to the expenses of the suit as will insure to the wife an efficient preparation of her case; and on granting a divorce in favor of the wife or refusing of the application of her husband, the court may require the husband to pay such reasonable expenses of the wife in the prosecution or defense of the action as may be just and proper, considering the respective parties and the means and property of each." (Our italics.)

Appellant argues the first part of this statute authorizes only an allowance of fees to a wife's attorneys for future work, that is, for an efficient preparation of her case for trial and does not provide for making an allowance of fees to a wife's attorneys for past services. As previously indicated plaintiff, while represented by appellees, had filed an application for the allowance of additional suit money for herself and attorneys' fees for the proper preparation of her case. The court found that although plaintiff had a right, with or without reason, to discharge her attorneys they were unjustly discharged. The court further found it had expressly reserved for later consideration *plaintiff's own motion* for additional temporary attorneys' fees; the amount it previously had allowed was entirely inadequate and that before it ruled on plaintiff's own motion for such additional temporary fees plaintiff had discharged appellees. After appellees had been discharged they requested the court to rule on the question it had reserved and to do so on the basis of the services they had performed in the preparation of plaintiff's case. At this time the court had the information it desired upon which to make a proper allowance.

Appellant further contends the claim for fees was made by appellees on their individual and independent motion after their connection with the litigation had been severed and not by plaintiff, their client; that if they had a claim against the plaintiff or defendant

it should be made the basis of an independent action. This contention, as previously indicated, ignores the fact the application to make a proper additional allowance for temporary attorneys' fees for services to be performed on the wife's behalf was originally made by the wife. She is not an appellant. Furthermore, it would not lie in her mouth, if she were, to contend the motion filed by appellees, her own counsel at the time, was not her motion. That motion also sought an additional allowance to her. It was her motion which the court originally reserved for future consideration and which had not been acted upon at the time the court determined the value of the services rendered in her behalf.

Turning now to the last portion of G. S. 1949, 60-1507, previously quoted, we find the district court is expressly authorized at the conclusion of a divorce action to require the husband to pay such reasonable expenses of the wife in the prosecution or defense of her action as may be just and proper, considering the respective parties and the means and property of each. This is precisely what was done. Judge Fischer, who rendered the decree of divorce and approved the property settlement, expressly reserved for Judge McHale the matter of determining against whom the fees, to which appellees were entitled, should be taxed. Appellant makes no complaint about the fact Judge Fischer reserved for Judge McHale the right to make that decision, if the district court could make a valid order under the circumstances.

*Johnson v. Johnson,* 57 Kan. 343, 46 Pac. 700, relied on by appellant in support of his contention is not controlling under the facts of this case. Concerning the Johnson case, see *Lamer v. Lamer,* 170 Kan. 579, 584, 228 P. 2d 718. Nor have we overlooked statements from textbooks and decisions from foreign jurisdictions cited by appellant. Although there is not complete uniformity in the decisions relative to the subject of awarding attorneys' fees in divorce actions and although no Kansas decisions are cited by the parties dealing with the precise question here presented we entertain no doubt concerning the jurisdiction of the court to make an allowance of fees for plaintiff's attorneys under the circumstances of this case. In passing it may be well to state no question of public policy is involved in this case as in certain cases where it is possible counsel, in order to augment their fees, might have discouraged a reconciliation of the marital relations.

Let us suppose the parties in a similar action, prior to an allow-

ance of a fee to the wife's attorneys, effected a reconciliation, would such fact oust the court of jurisdiction to make an allowance for services rendered for the wife? We agree with the Nebraska court it would not. (*Kiddle v. Kiddle,* 90 Neb. 248, 133 N. W. 181.) The same rule is followed in various states.

This court frequently has ruled on the authority of courts to retain jurisdiction to determine matters not previously disposed of in an action even though the matter reserved is not decided until a subsequent term of the court. (*Morton v. Morton,* 149 Kan. 77, 86 P. 2d 486; *Hoffman v. Hoffman,* 156 Kan. 647, 135 P. 2d 887; *Gates v. Gates,* 160 Kan. 428, 163 P. 2d 395.)

Appellant further contends the allowance of fees to appellees violates the stipulation signed by plaintiff and appellant involving a property settlement and their rights against each other which was approved by the court in Judge Fischer's division. The provisions of the stipulation have been examined with care. We do not agree the approved stipulation violates the judgment rendered by Judge McHale pertaining to the fees allowed appellees and taxed to appellant. The stipulation signed by plaintiff and appellant pertains to attorneys' fees to be paid by appellant to his wife and Blake A. Williams and Don C. Foss jointly. The latter were plaintiff's attorneys at the time the stipulation was signed and the final judgment was rendered in the divorce action. It is entirely clear it was intended Judge McHale should and did determine who was to pay the fees due appellees. Moreover, plaintiff and appellant could not by an agreement between themselves, contrary to the intentions of the court, deprive the court of jurisdiction to determine whether plaintiff or defendant should pay appellees' fees.

Appellant also asserts the fees, if legally allowed, were excessive. The evidence of competent and experienced attorneys relative to the value of the services rendered ranged from $10,000 to $15,000. No contrary testimony was offered. The court fixed the fees at $9,000. The reasonable value of such fees, under legislative mandate, rests largely in the sound judicial discretion of the trial court. (G. S. 1949, 60-1507.) The only function of this court is to examine the record in order to ascertain whether there is testimony to support the finding made by the court. If there is the judgment will not be disturbed. (*Hawley v. Hawley,* 164 Kan. 176, 188 P. 2d 650; *Thompson v. Thompson,* 168 Kan. 450, 213 P. 2d 641; *Lamer v. Lamer,* 170 Kan. 579, 584, 228 P. 2d 718; *Goetsch v. Goetsch,* 173 Kan. 188, 245 P. 2d 173.)

In this connection it also may be well to remember a trial judge is a lawyer in his own right and is not without knowledge concerning the value of legal services. It goes without saying the trial judge approved the order he made.

Since the oral argument this court has been informed of appellant's death and also of the appointment of K. H. Peters as his personal representative. A motion for revivor, concurred in by all parties to the appeal, was approved February 15, 1954, and K. H. Peters, appellant's personal representative, has been substituted for appellant in this court.

The judgment is affirmed.