No. 40,164

HAROLD KONITZ, REED BYERS and THE JOHNSON COUNTY CIVIC LEAGUE, INC., *Appellants,* v. THE BOARD OF COUNTY COMMISSIONERS OF JOHNSON COUNTY, KANSAS, GEORGE RUSSELL, MARTIN J. ZIEGLER, and L. R. PENNER, Successor to the Office of CLYDE R. CURRY, *Appellee.*

(303 P. 2d 180)

Opinion filed November 3, 1956.

*James B. Pearson,* of Olathe, was on the briefs for the appellants.

*John W. Breyfogle, Jr.,* of Olathe, argued the cause, and *Frank L. Hagaman,* of Kansas City, Missouri, *Lyndus A. Henry,* of Overland Park, and *James H. Bradley,* county attorney, of Olathe, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action brought pursuant to G. S. 1949, 19-2913, to have declared unreasonable the acts of the board of county commissioners of Johnson County in sustaining the acts of the Mission Township zoning board in classifying by alphabetical designation minimum ground floor areas of residences in Nall Hills, a newly platted subdivision in Mission Township. From a judgment in favor of defendant, plaintiffs appeal.

No useful purpose would be gained in narrating the pleadings. Suffice it to say that after the pleadings were joined, the case was tried and the trial court filed its memorandum opinion and entered judgment thereon. That opinion recites the pertinent part of the pleadings, the issues involved, and determines the questions presented. It reads:

"This is a proceeding brought by the plaintiffs pursuant to G. S. 1949, 19-2913, to determine the reasonableness of an order of the defendant Board of County Commissioners classifying and alphabetically designating minimum ground floor area districts of a newly platted subdivision known as Nall Hills, Johnson County, Kansas. The land in question lies in the southern part of Mission Township and has previously been used primarily for agricultural purposes.

"It is well settled in this state that in an action such as this that the plaintiffs have the ordinary burden of establishing their cause of action by a preponderance of the evidence (118 Kan. 265).

"This statutory proceeding is neither a trial *de novo* nor an appeal in the true sense of the word. The proceeding is governed by the Code of Civil Procedure (166 Kan. 494), and the question of reasonableness must be determined from the issues as made up by the pleadings and evidence thereon.

"The courts have universally held that the court may not substitute its judicial judgment for the legislative judgment of the Zoning Board or of the Board of County Commissioners. It is for the court to determine whether or not the Board exercised its legislative function in a reasonable manner, free

from arbitrariness and capriciousness, and without abuse of discretion (127 Kan. 658, 134 Kan. 419, 58 Am. Jur., Secs. 229 and 231, 168 A. L. R. 148, *et seq.*).

"Plaintiffs allege that the defendant Board's order was unreasonable for the following reasons:

"(1) That a portion of Nall Hills subdivision between 103rd Street and Indian Creek is subject to flooding and that the use of such area for residential purposes will be contrary to the promotion of the public health, safety, comfort and general welfare, that it will result in the depreciation of values of surrounding properties, and that the area will eventually become a slum area because of the flood hazard.

"(2) That by reason of having residential lots along Nall Avenue with driveways therefrom leading directly to said street, traffic congestion will result.

"(3) That said order of classification is in direct violation of Section 9, Subsection 1 of the Mission Township Zoning Regulations in that surrounding property and lands contiguous to the lots, blocks and tracts of land described in said order is of a classification such that the classification and alphabetical designation of the lots as set forth in said order constitutes such a variance that it will result in depreciation of the values of plaintiffs' properties and others similarly situated.

"In regard to plaintiffs' first contention, it was admitted that no direct evidence was presented before the Zoning Board or Board of County Commissioners by the protestants concerning the purported flood hazard between Indian Creek and 103rd Street, west of Nall Avenue. However, the matter was raised by the pleadings and was considered by the court.

"It is evident from plaintiffs' amended petition that they are questioning the reasonableness of the Board of County Commissioners' order which deals only with the classification and alphabetical designation as to minimum ground floor area for the subdivision. It is difficult to discern how the purported flood hazard has anything to do with classification of ground floor area; rather such a question goes more to the propriety of platting the area for residential purposes in the first place. Plaintiffs substantiate their position by asserting that this is the first opportunity they have had to present the matter to the court, and therefore it should be considered. It must be remembered that this proceeding is statutory, and they question only the reasonableness of the classification order. Whether or not they have a proper remedy by any other proceeding is not for the court to decide at this time.

"It may be noted that the Zoning Regulations are silent as to any requirement concerning flood control, drainage, etc., except in relation to street drainage.

"Although the court cannot consider speculative evidence as to what a particular developer may do to alleviate any potential flood danger, it may consider the reasonableness of the contemplated use for the land in question. There was expert testimony on the part of the defendant board that the area between Indian Creek and 103rd Street, west of Nall Avenue, was suitable for residential purposes, and that the area could be made safe from possible flooding. Some of the plaintiffs' evidence on the danger of flooding was predicated on the lay of the land as it exists without any safeguarding measures being taken. In the development of platted land such as this, the lay of the land may be

changed considerably because of low-lying areas, as well as for landscaping purposes.

"There was also evidence on the part of the defendant that the only practical classification for houses in the low-lying area was Class 'D,' since it was the least attractive area in the subdivision. Whether or not the flood question is properly before the court, it cannot be said from the evidence that the classification order concerning minimum ground floor area was unreasonable for the first reason advanced by plaintiffs.

"As to plaintiffs' second contention, again the court is unable to ascertain the relevancy of alleged traffic congestion so far as it pertains to an order of classification for minimum ground floor area. The objection relates more to the manner of platting the land into lots and streets, particularly that area abutting on Nall Avenue. It appears from the evidence that there are only thirty residential lots abutting on Nall Avenue whose driveways will lead directly to the street. Whether or not this question is properly before the court, the plaintiffs have failed to show that the classification order was unreasonable for the second reason advanced by them.

"Plaintiffs' third contention that said classification order was in violation of Section 9, Subsection 1 of the Mission Township Zoning Regulations because there was such a variance between the classification of surrounding property and land contiguous to the lots, blocks and tracts of land described and classified in said order that depreciation of the values of plaintiffs' properties and others similarly situated would result is the only pertinent and relevant issue raised in the case. It should be noted that plaintiffs' evidence dealt primarily with the effect of the classification order on property to the east of Nall Avenue, a major portion of which was voluntarily classified and designed by the owners thereof as 'Class C' minimum ground floor area. This voluntary classification took place at or about the time that it was learned that the Nall Hills Area was to be subdivided. Reference is made to Defendant's Exhibit 'H,' which shows the location and classification of surrounding homes situated on the perimeter of Nall Hills Subdivision.

"The first tier of lots to the west of Nall Avenue and north of 103rd Street was given a 'D' classification. The next tier west was interspersed with 'E' and 'F' classifications. The following tier provided for 'F' and 'G' classifications, the majority of them being the latter. The real question is whether or not such classifications protect the property owners to the east of Nall Avenue so far as depreciation in the value of their property is concerned.

"Section 9, Subsection 1 of the Mission Township Zoning Regulations sets forth the provisions for reduction in classifications between contiguous lands or tracts. The Board is given a certain amount of discretion in 'skipping' classifications if consecutive graduated reduction is found to be 'impractical.' Can it be said that the Board abused its discretion in this respect?

"There was evidence before the court which supported the Board's finding that, 'by an analysis of the class, type and size of the residences now located within the area which may reasonably be affected, as compared to the requested classifications in said application, . . . . the recommendations of the Zoning Board are reasonable and may properly be approved without appreciable detriment to other property.' There was also evidence tending to

support the Board's finding that, 'to attempt further upgrading of any of the requested classifications would in the judgment of the Board, place an unwarranted burden upon the owner'—particularly is this true as it applies to the low-lying area which is classified almost entirely in the 'G' category.

"From all of the evidence, it appears that a measure of protection was provided for contiguous lands, including the property of these plaintiffs and others similarly situated. Only time can tell how adequate this protection may be. It was a discretionary matter for the Board to determine, and the court is unable to find from the evidence that the Board abused its discretion.

"For the foregoing reasons, the court finds that the plaintiffs have not sustained the burden of establishing that the order of the Board of County Commissioners was unreasonable, and therefore, judgment is granted for the defendant against the plaintiffs, at plaintiffs' costs."

Plaintiffs filed a motion for a new trial asserting (1) that they were not afforded a reasonable opportunity to present their evidence; (2) erroneous rulings of the court, and (3) the judgment and decision were contrary to the evidence. Plaintiffs first contend the court erred in overruling their motions for continuance of the case. Their petition was filed June 22, 1955. On July 7, the court set the trial for August 1. On July 8, the defendant filed its answer and the issues were joined. On July 26, plaintiffs filed a verified motion for continuance which was overruled July 29. On the same day, with permission of the court, plaintiffs filed an amended petition. On August 1, plaintiffs again filed a motion for a continuance supported by the affidavit of one of the plaintiffs. This motion was overruled with the provision that after plaintiffs had presented their evidence then available, they would have until August 5 to obtain any further evidence.

Plaintiffs concede the general rule that the granting or refusing of a continuance rests in the discretion of the trial court. (*Shore v. Cantor,* 159 Kan. 642, 157 P. 2d 528; *Richmond v. Clinton,* 144 Kan. 328, 58 P. 2d 1116.) They conclude, however, that the trial court's failure in this case to grant a reasonable continuance constituted an abuse of discretion.

G. S. 1949, 60-2932, provides that actions shall be triable on the issues of fact in ten days after the issues are made up. Issues were joined in this action on July 8, and the preceding day the court had set the case for trial on August 1. The record fails to disclose any objection made by plaintiffs to this date.

Plaintiffs' motion for a continuance was on the ground of absence of material evidence. G. S. 1949, 60-2934, provides that a motion for continuance on account of the absence of evidence can

be made only upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence had been used to obtain it, and if it is for an absent witness, the affidavit must show where the witness resides, the probability of procuring his testimony within a reasonable time, and what facts he believes the witness will prove, and that he believes them to be true.

Plaintiffs' first motion for continuance was not filed until July 26. This motion failed to comply with the statute, and was properly overruled. Plaintiffs' second motion for continuance was filed on the morning of the trial. The affidavit supporting the motion states that on July 27, the absent expert witness advised defendant that he would be unable to testify on several questions contained in the issues, by August 1. There was no mention in the affidavit when this absent witness was first contacted concerning the case. No showing was made when the witness could be obtained, or that due diligence had been exercised in this regard. Nor was it alleged that the affiant believed the nature of the evidence to be true. The trial court did not abuse its discretion in overruling the motion by reason of plaintiffs' failure to comply with the statute. Moreover, as disclosed by the record, what plaintiffs thought the absent witness would testify to was nothing more than cumulative evidence of other witnesses who testified for plaintiffs. (See *Lamer v. Lamer*, 170 Kan. 579, 583, 228 P. 2d 718.)

Plaintiffs next contend the defendant's order was unreasonable in establishing classification for Nall Hills without reference to the suitability of the land for platting, and that a portion of the area between 103rd Street and Indian Creek west of Nall Avenue was subject to flooding.

There was ample evidence that the alleged overflow and surface water drainage would be remedied by filling and drainage, and the land made suitable for residential development. Inasmuch as the trial court found the land was suitable for residential use, the question whether the zoning board may classify unsuitable land for such use is not before us.

Plaintiffs also contend that the construction of residences in conformance with the classification order of the board will devaluate the property in the vicinity of Nall Hills. There was no evidence that the lands in that vicinity had been developed into a residential district of any classification, nor was there any evidence of other subdivisions closer than a mile from the Nall Hills plat upon which

the housing classification order was made. The devaluation of other properties was a question of fact to be decided by the trial court upon the disputed evidence. There was ample testimony that the classification would not depreciate the value of other properties, and the trial court so found.

Plaintiffs' last contention is that the action of the board, approving various classifications with a differential of more than one alphabetically designated district for certain contiguous lots, *i. e.*, an "F" next to a "D" with no intervening "E"; a "G" next to an "E" with no intervening "F," violates section 9, subsection 1 of the township zoning regulations. A review of the record discloses that plaintiffs have not shown themselves to be within contiguous zoned tracts of land. Their right to maintain this action or raise the mentioned question has not been challenged, and will not be decided here. Whether the mentioned section of the zoning regulations is applicable to contiguous lots within a subdivision, or contiguous subdivisions, need not be decided, inasmuch as section 9, subsection 1, grants to the board a certain amount of discretion in skipping classifications, if consecutive graduated reduction is found to be impractical. Moreover, section 9, subsection 7, provides:

"Whenever by reason of unusual and peculiar conditions appertaining to a particular lot, tract or parcel of land or with respect to the development within the immediate vicinity, the minimum ground floor area limitations hereinbefore provided under this Section are rendered impracticable the Zoning Board may in its discretion modify or reduce same."

Section 18 further provides:

"The Zoning Board and the Board of County Commissioners are each hereby authorized in specific cases of practical difficulty or unnecessary hardship, and in regard to agricultural and farming use, to interpret the Zoning Law in harmony with its general purpose and intent so that the public health, safety and general welfare may be secure, property values be conserved and substantial justice done."

Plaintiffs contend there was no evidence from any member of the board as to any impractical condition, so as to warrant the exercise of its discretion. This is but an attempt on the part of plaintiffs to shift the burden of proof to defendant. There is a presumption that the board acted fairly, reasonably and not arbitrarily. It is incumbent upon those attacking the order of the board to show wherein the board's action was unreasonable, and in this they failed to sustain the burden of proof.

The judgment of the trial court is affirmed.