No. 20,714.

MARGARET E. ALLEN, *Appellant*, v. JACOB H. ALLEN, *Appellee.*

SYLLABUS BY THE COURT.

ACTION FOR ALIMONY — *Grounds Not Sustained by Evidence — Antenuptial Agreement.* The proceedings examined, and held that a judgment, denying alimony petitioned for under section 678 of the civil code on the ground of extreme cruelty and gross neglect of duty, is sustained by the findings of fact, which are sustained by the evidence.

Appeal from Sumner district court; OLIVER P. FULLER, judge. Opinion filed November 10, 1917. Affirmed.

*W. M. Ready,* and *W. W. Schwinn,* both of Wellington, for the appellant.

*James Lawrence, W. T. McBride,* and *Harold W. Herrick,* all of Wellington, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for alimony. Judgment was rendered for the defendant and the plaintiff appeals.

The action was commenced under section 678 of the civil code, which reads as follows:

"The wife may obtain alimony from the husband without a divorce, in an action brought for that purpose in the district court, for any of the causes for which a divorce may be granted. The husband may make the same defense to such action as he might to an action for divorce, and may, for sufficient cause, obtain a divorce from the wife in such action." (Gen. Stat. 1915, § 7586.)

The causes of action stated in the petition were extreme cruelty and gross neglect of duty, which compelled the plaintiff to separate from her husband. The plaintiff produced testimony tending to sustain the allegations of the petition. The defendant produced testimony in defense and tending to show that the separation occurred through fault of his wife. Previous to the marriage the parties had entered into a contract relating to property rights in case of separation by death or otherwise. The court stated the following findings of fact and conclusions of law:

Allen v. Allen.

## "FINDINGS OF FACT.

"I. The plaintiff and defendant were married in Sumner county, Kansas, on the 31st day of January, 1912, and were at the time of their marriage each possessed in their own right of considerable property, the defendant having property at that time of the value of about $150,000, and the plaintiff having property valued at about $25,000.

"The plaintiff at the time of their marriage was about fifty years old and the defendant sixty-nine years of age; both plaintiff and defendant had been previously married, the husband and wife of each respectively were deceased. Both by such former marriages had children. The plaintiff's children aged, one fifteen years, one seventeen years, and some others older and married. The defendant's children aged twenty-six, thirty and thirty-eight respectively, none of whom were living at home.

"II. Prior to this marriage and in contemplation thereof plaintiff and defendant entered into an antenuptial contract wherein each released the other of all rights and claims of interest in the property of the other, and among other things said contract provided that in the event of separation of the plaintiff and defendant by death or otherwise, neither should claim any right or interest in or to any property of the other, and which contract has never been annulled, but is in full force and effect.

"III. At the time of the marriage the plaintiff went to the home of the defendant, taking with her, her two children, a boy of the age of fifteen and a girl of the age of seventeen years.

"IV. The principal controversy between the plaintiff and defendant arose over the fact of the son being provided for by the defendant, and the plaintiff's claim that the defendant was stingy and did not provide her with the actual necessities of life.

"V. The plaintiff and defendant were each old residents of Sumner county, had known each other for many years, had intimately known each other for two years prior to their marriage, and each knew or had the opportunity to know the temper, habits and peculiarities of the other.

"VI. While the plaintiff and defendant at the time of the execution of the antenuptial contract did not have in mind the idea or thought of a trial marriage, yet each of them were of that age, and with their past experience and having grown children, they were bound to and did realize the extreme probability of being unable to live together harmoniously no matter how much both might strive; and in view of their past experience and modes of life voluntarily and without fraud entered into the said antenuptial contract, each fully understanding its terms.

"VII. While the plaintiff and defendant were living together the defendant furnished to the plaintiff all the actual necessaries, not with that liberality that his ability would warrant, but as much as the plaintiff had been used to furnishing for herself, with ample provisions to provide more prior to her marriage with defendant.

"VIII. The plaintiff and defendant separated on the 1st day of February, 1913, and sometime after separation the plaintiff began an action for divorce and alimony and afterwards amended her petition asking for

Allen v. Allen.

alimony and separate maintenance only, and ever since said date of separation, the plaintiff has been living separate and apart from the defendant, who has since said date refused to make the plaintiff any allowance whatever.

"IX. The plaintiff's voluntary abandonment and separation from the defendant was not wholly without fault on her part.

### "CONCLUSIONS OF LAW.

"I. There are well-considered cases, by courts of recognized ability, that where a wife lives apart from her husband for just cause upon her part, but where she has ample means of her own, the husband is not bound for her support. While the weight of authorities seems to be opposed to the above rule, this court is unable to find any case wherein the rule so announced by the majority presented facts so favorably to the former rule as the case at bar.

"II. Under the facts presented in this case the plaintiff is not entitled to recover anything from the defendant for separate maintenance."

The only assignment of error which can be considered is that the court erred in overruling the plaintiff's motion for a new trial. The only grounds of the motion for a new trial which can be considered are that the decision was contrary to the evidence and contrary to law.

The evidence bearing on all the material issues was conflicting, and much of it was contradictory. The defense was sufficiently sustained by evidence upon which the court presumptively relied, and the findings of fact must stand.

With the facts established, the second conclusion of law was inevitable. There was no extreme cruelty, because none is found, and there was no gross neglect of duty, because none is found. (*Shuler v. Lashorn*, 67 Kan. 694, syl. ¶ 4, 74 Pac. 264.) The seventh finding administers a gentle tap on the defendant's wrist for lack of liberality. There may be an implication in the ninth finding that the defendant was partially responsible for the separation, but the finding in terms relates to none but the wife's conduct, voluntary abandonment of her husband not without fault on her part. Consequently the case is the very simple one of failure to establish the facts advanced in the petition as a basis for relief.

The first conclusion of law touches a matter much debated by counsel for the respective parties, probably because of the debate; but the findings of fact do not present the case of a wife living apart from her husband for just cause. The judg-

ment rests on the facts found, and if it did not, this court would direct that it be made to conform to the facts found.

In the brief for the plaintiff two questions are propounded: Can a man make an antenuptial property contract which will relieve him from the consequences of his own wrong, and can a man and a woman make an antenuptial contract which will relieve them after marriage from performance of their marital obligations? Neither question is pertinent to the case as it comes to this court.

The judgment of the district court is affirmed.