No. 35,183

GEORGE RAYMOND PERKINS, *Appellee*, v. ELSIE VICTORIA PERKINS, *Appellant*.

(114 P. 2d 804)

Opinion filed July 5, 1941.

*Walter B. Patterson* and *A. M. Keene,* both of Fort Scott, for the appellant.

*Douglas Hudson, Howard Hudson,* both of Fort Scott, and *Kenneth H. Foust,* of Iola, for the appellee.

The opinion of the court was delivered by

THIELE, J.: Plaintiff commenced an action for a divorce from the defendant, the petition alleging the marriage of the parties, that they

had one child who would soon be twenty-one years of age; that the parties had settled their property rights by a separation agreement which would be submitted to the court; that defendant had been guilty of extreme cruelty and gross neglect of duty, and plaintiff was entitled to a divorce from defendant. Defendant filed a motion for an allowance for attorneys' fees, which the trial court denied.

Later the defendant filed an answer and cross petition which, so far as need be noticed, denied plaintiff's allegations as to her conduct, and alleged that plaintiff had been guilty of gross neglect of duty and extreme cruelty toward her, and further he had been guilty of adultery; that plaintiff was not entitled to a divorce, and that she was entitled to an allowance of permanent alimony. She further alleged that the property rights of the parties had not been fully settled by the separation agreement for the reason the same was not fairly entered into, in that she did not receive a fair share of the property; that she was without benefit of legal advice; that plaintiff and the scrivener of the contract, D. R. Kuns, were guilty of fraud, duress, concealment and undue influence in that they represented to her that plaintiff was leaving her, and unless she executed the agreement she would be left with practically nothing, etc. She offered to do equity, and place the plaintiff *in statu quo* as nearly as she could, and except as to property which she sold, she offered to restore the same, etc. She prayed plaintiff be denied a divorce; that she be allowed permanent alimony; that the alleged separation agreement be set aside, and that the court settle the property rights, and that she have an allowance for attorneys' fees. Plaintiff filed a reply and answer.

The separation agreement referred to is summarized. The settlement was made because the parties felt they could no longer live together in harmony, and was to be binding whether they were divorced from each other or not, and was to be a final property settlement. First party (plaintiff) waived any and all rights given him under the laws of Kansas by reason of the marriage contract, and conveyed to second party (defendant) 160 acres of land in Bourbon county, Kansas, with all the farm machinery and household goods thereon; also, one cow, a mare and colt, one mule, one horse and the corn and sorgo crop growing on the land; also, the family bulldog and $1,350 in money. Using similar language, second party conveyed to first party eighty (80) acres of land in Allen county, one and one-half lots in the city of Moran, the oat and flax crop growing

on the Bourbon county farm, and one Ford sedan and, except the personal property mentioned, all personal property in possession or under control, or in the name of second party.

When the cause came on for trial, plaintiff dismissed his petition, and trial was had on defendant's answer and cross petition and plaintiff's reply and answer. The trial court heard the evidence, and rendered judgment that the defendant should take nothing under her answer and cross petition; and that the separation agreement was fair and reasonable in its terms, and was entered into with full knowledge and understanding by both parties, and the same was confirmed and approved as a full settlement of all property rights between them, and by its terms defendant was not entitled to receive, and shall not have, other property.

Defendant's motion for a new trial was denied, and she appeals, her specifications of error including some claims of error not presented in her brief. We assume these particular claims have been abandoned, and limit our discussion to matters presented in the briefs.

Briefly stated, appellant's principal contention is that the property settlement was not fair and just as to the amount which she received, and should not have been sustained or, if sustained, it did not preclude her from obtaining an award of alimony. The last portion of the contention will be considered first. It is to be remembered that there is a difference, based on statute, between an action for alimony without a divorce, such as the appellant prosecutes here, and for an equitable division between themselves of the property of the parties. In the action for alimony, before an award may be made, the plaintiff must plead and prove, and the trial court must find that a cause exists for which a divorce may be granted (G. S. 1935, 60-1516), while in an action for divorce in which a divorce is refused, the trial court, for good cause shown, may make such order as may be proper for the equitable division and disposition of the property of the parties (G. S. 1935, 60-1506). These sections have been held to be compatible with each other, and to evidence a distinction between alimony and an equitable division of property. (See *Bowers v. Bowers*, 70 Kan. 164, 167, 78 Pac. 430; *Osman v. Osman*, 86 Kan. 519, 121 Pac. 327; *Putnam v. Putnam*, 104 Kan. 47, 177 Pac. 838.) In the case at bar the court found no ground for divorce, with the result that appellant was not entitled to alimony as such, but that did not preclude the trial court from considering the property settlement, and settling their property rights, for which appellant had

prayed judgment. Postnuptial agreements, fairly and understandingly made, settling property rights between husband and wife, binding upon them whether or not any action for divorce may be instituted, have been before this court on many occasions. They have been held not to be against public policy, and enforceable. For example, see *King v. Mollohan*, 61 Kan. 683, 60 Pac. 731; *Bond v. Mikel*, 129 Kan. 824, 284 Pac. 379; *Hewett v. Gott*, 132 Kan. 168, 294 Pac. 897; *Petty v. Petty*, 147 Kan. 342, 76 P. 2d 850, and cases cited therein.

Appellant directs our attention to *Blair v. Blair*, 149 Kan. 3, 85 P. 2d 1004, as being directly in point. In that case, which was an action for separate maintenance, grounds of divorce were proved. This court held that the antenuptial contract there involved did not by its terms preclude an allowance for separate maintenance. Proof of cause of action for a divorce, and the fact an antenuptial, not a postnuptial contract, was there involved, distinguish that case from the one at bar.

Appellant's argument that the property settlement evidenced by the contract between the parties and which the trial court approved was not fair and equitable, is divided into two parts. It is contended she did not receive a fair amount. To support that contention, she selects evidence favorable to herself and says the total value of all property was about $25,000 and the share she received was slightly less than $6,000. Appellee states the case from his viewpoint and argues she received property worth almost $12,000, while he received less than $8,000. It was not requisite to a settlement that each party receive the same amount. The trial court made no specific finding of values, but it did approve the settlement. The evidence would have warranted a finding, based to a considerable extent on testimony produced by the wife, that the total value of the property was about $20,500, and that she received about $11,500. There is nothing in the record that would warrant this court in saying appellant did not receive a fair share of the whole property, or that, viewed from the angle of fair and equitable division of the property, the trial court abused its discretion in approving the contract.

It is next contended the property settlement was not entered into fairly and intelligently. The evidence as to matters leading up to the making of the contract need not be reviewed nor any effort made to show conflicting claims as to what transpired. It did show that appellant consulted with the scrivener, Mr. Kuns, and he endeavored

to put in writing the agreement of the parties. · The evidence showed without much dispute that both parties were fully familiar with the property, all of which stood in the husband's name, although they did not agree fully as to the value of certain portions of it. Finally, the differences simmered down to two items. On the basis of one proposal, the husband was to pay the wife $1,000. An argument arose as to who was to get the Ford car and the family bulldog. The husband agreed to pay $350 less and the wife to have the car or to pay $350 more and keep the car for himself. The matter was finally settled by the husband's paying the extra $350, and conveying to his wife all his right, title and interest in certain described real estate and personal property, including the family bulldog. The record contains a great deal of evidence that the wife was not overreached in making the agreement. There was no error in the trial court's ruling approving the property settlement as a fair and equitable division between them of their property.

In connection with the above contentions, appellant directs our attention to authorities from other jurisdictions to the effect that a property settlement does not preclude an award of alimony, or if it does, it is contrary to public policy and not enforceable. We need not review those authorities. The matter is controlled by the statutes above mentioned and by our decisions herein cited. Under *Blair v. Blair*, supra, we examine the contract to see whether its provisions cut off any right to maintenance. In the contract before us each party agrees with the other that the property settlement is binding whether a separation is had or not, and that it is final. Further—

"Second party (appellant) hereby waives any and all her rights given her under the laws of the state of Kansas by reason of the marriage contract."

appellee makes a similar agreement on his part, and finally—

"It is understood and mutually agreed by and between both parties to this contract that from and after date of this contract neither party hereto is responsible for the other party's debts in any manner, shape or form, past, present and future."

Under the above provisions specifically and under the factual situation generally, appellant is not entitled to any further amounts whether denominated alimony, separate maintenance or equitable division of property. The parties have made a comprehensive contract, fair and reasonable in its terms, and neither the trial court nor this court may make a new one for them.

In connection with other argument, appellant complains because an amendment to her answer and cross petition, filed after she had presented her motion for a new trial, and apparently without permission granted, was stricken from the files. We shall not discuss the complaint further than to observe the amendment covered no matter not implicit in her answer and cross petition and necessarily considered by the trial court in rendering judgment.

The only matters remaining pertain to the trial court's denial of her motion for an allowance for attorneys' fees, the motion and order preceding filing of her answer and cross petition, and to her motion in this court for an allowance to prosecute her appeal. Insofar as the ruling in the trial court is concerned, it is to be observed that the statute requires only that the trial court may make such order as will insure to her an efficient preparation of her case (G. S. 1935, 60-1507). While she argues she was not able financially to pay a reasonable attorney fee and her expenses of preparing for the trial, that is refuted by the showing made at the trial. The record does not disclose what showing she made on the hearing of the motion, and we cannot say the trial court abused its discretion. Insofar as the motion in this court is concerned, it is observed that the appeal was from an order seeking to set aside a property agreement. Insofar as that feature is concerned, she was the plaintiff. Concededly under that agreement she received moneys and real estate of substantial value. Under that agreement property rights were settled, and no reason now appears why she is entitled to any further sum or allowance.

The judgment of the trial court is affirmed.