No. 35,843

Hazel Relihan, *Appellant*, v. A. W. Relihan, *Appellee*.

(139 P. 2d 385)

Opinion filed July 10, 1943.

*Jacob A. Dickinson,* of Topeka, argued the cause, and *Edward Rooney,* of Topeka, was on the briefs for the appellant.

*Lester M. Goodell,* of Topeka, argued the cause, and *J. L. Hunt, Margaret McGurnaghan, John H. Hunt* and *George M. Brewster,* all of Topeka, were on the briefs for the appellee.

The opinion of the court was delivered by

Harvey, J.: This was an action by a wife against her husband for separate maintenance, temporary and permanent alimony, attorney's fees and costs, and a division of property. Defendant answered, setting up a postnuptial agreement by the terms of which plaintiff was entitled to none of the things for which she sued. Plaintiff in her reply admitted the execution of the agreement, but alleged it was obtained by fraud; that it was inequitable in its provisions; had been abandoned by mutual consent, and that insofar as it "purports to deprive the plaintiff of all claims in the future to suit money, support and maintenance money, and alimony is against public policy and is void and unenforceable." The trial court heard the evidence and made findings of fact and conclusions of law and rendered judgment for defendant. Plaintiff has appealed.

Generally speaking, the trial court found the contract was fairly and intelligently entered into; that there was no fraud or overreaching by defendant, or anyone in his behalf; that its terms were equitable; that it never had been abandoned by the parties, but on the other hand had been acted upon by them, and that plaintiff had accepted the property and benefits provided for her by the contract, and that the specific provision complained of was not void as against public policy.

In the brief on behalf of appellant the questions of fact are argued, but an examination of the evidence discloses that there was an abundance of competent evidence to sustain the finding of the court on each of the controverted questions of fact. In the oral argument it was not seriously contended otherwise. We think it would answer no useful purpose to recite these controversies in detail and the evidence respecting them.

The legal question presented is whether the contract, insofar as it purports to deprive plaintiff of claims in the future for suit money, support and maintenance, and alimony is void and unenforceable as being against public policy. In support of appellant's contention the case of *VanKoten v. VanKoten*, 323 Ill. 323, 154 N. E. 146, is cited, where, among other things, it was held:

"A separation agreement is illegal and void, as being contrary to public policy, where one of its material provisions is that the husband shall be relieved of the obligation to support his wife." (Syl. ¶ 4.)

The case is also reported in 50 A. L. R. 347, where in an annotation upon this point the annotator states (p. 352):

"Notwithstanding the statutory duty of the husband to support his wife, the weight of authority appears to be that the objection of being contrary to public policy will not avail to render ineffective a wife's covenant releasing her right to support, in a voluntary agreement in connection with an existing or immediately contemplated separation, at least where the husband has carried out his part of the contract; and in the absence of any fraud, unfair advantage, or overreaching upon his part, or of any express statutory provision prohibiting such an agreement or covenant." (Citing many cases from the federal and state courts.)

Beginning at page 355 of the annotation, *VanKoten v. VanKoten*, supra, and other cases are annotated as being to the contrary and representing the minority rule. Each of these cases is cited in appellant's brief; none of those supporting the majority rule is cited. There is a subsequent annotation in 120 A. L. R. 1334, broadened somewhat to include decisions from states where there is a specific statute on the subject, but again listing, as the majority rule, many cases supporting such contracts. None of these is referred to in appellant's brief. See, also, 17 Am. Jur. 546, § 729, where the text accords with the annotator's notes above set out, and citing authorities.

Appellant also cites the case of *Neddo v. Neddo*, 56 Kan. 507, 44 Pac. 1, where the court was considering an antenuptial contract so

framed as to invite disagreement and to make the same profitable to the husband. The pertinent syllabus reads:

"A marriage settlement which is unreasonable, inequitable or against public policy will not be upheld; and where, by its terms, the contract invites and encourages a separation as a source of pecuniary profit to either party, it is void."

We have no such situation here.

Antenuptial agreements and postnuptial agreements, while having some aspects in common, differ fundamentally. In *Hewett v. Gott,* 132 Kan. 168, 294 Pac. 897, where the language of a postnuptial agreement was held to bar homestead rights, it was said:

"An antenuptial contract is an agreement in contemplation of marriage, whereas a postnuptial contract is generally one in contemplation of separation. The former is providing and planning for a union of interest with some property modifications, the latter for a complete disunion of all domestic and property interests." (p. 175.)

The contract between the parties before us made a division of property and contained pertinent and specific provisions respecting the rights and liabilities of the parties as between themselves. In short, it accomplished all the things that an action for a division of property and separate maintenance is designed to accomplish. Certainly it did not contemplate a suit such as this to accomplish the very things already accomplished by the contract.

We need not write a thesis on the question here presented. It was specifically ruled upon in *Perkins v. Perkins,* 154 Kan. 73, 114 P. 2d 804, where it was held that the postnuptial agreement, found to be fair by the court, was binding, and further that it defeated the subsequent claims of the wife for alimony, division of property, attorney's fees and other costs and expenses. Some of our late decisions were cited, which in turn cited earlier ones. An examination of our cases discloses that provisions such as the one in question here have been approved repeatedly.

We find no error in the record. The judgment of the court below is affirmed.

Wedell, J., not participating.