No. 40,976

WILLIAM F. PAUL, *Appellant*, v. EVA HELEN PAUL, *Appellee*.

(326 P. 2d 283)

Opinion filed June 7, 1958.

*John H. Foard*, of Kansas City, Missouri, argued the cause, and *Rice Lardner*, of Olathe, was with him on the briefs for appellant.

Appellee makes no appearance.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal in a divorce action in which the trial court denied the plaintiff husband a divorce on the ground that he had failed to sustain the burden of proof, granted custody of the children to the wife, and decreed child support payments, a division of the property and separate maintenance for the wife.

The wife, appellee, makes no appearance in this court and has not filed a counter abstract or brief in this case.

The husband filed a petition for divorce against his wife in the district court of Johnson County alleging for his cause of action, as a ground for divorce, that the wife had been guilty of extreme cruelty and gross neglect of duty. Thereafter the wife filed her answer denying that she had been guilty of extreme cruelty and gross neglect of duty toward her husband, plaintiff below, and also filed a cross petition wherein she stated that the plaintiff had been guilty of extreme cruelty and gross neglect of duty toward her and prayed, among other things, for a divorce and alimony. The plaintiff in reply interposed a general denial which joined issues.

The case proceeded to trial and the record as abstracted discloses that the wife fully resisted the efforts of the husband at the trial, by cross examining the plaintiff's witnesses and by testifying in her own behalf. She also called a witness who was a minister and a physician to testify in her behalf. After all the evidence was presented, including rebuttal testimony on behalf of the plaintiff, the hearing having terminated at the close of business on the 26th day of July, 1957, the court continued the trial to the 31st day of July, 1957, when pursuant to the wife's motion the court dismissed her cross petition. Thereupon the parties entered into the record a stipulation and agreement as to the division and settlement of the property of the parties, and the care, custody, control, support and maintenance of their two minor children, all subject to the approval of the court. The stipulation purports to make an equal division of the property. Among the stipulations was the following:

". . . that plaintiff shall pay defendant a sum equal to one-half of the retirement funds allotted to plaintiff in plaintiff's employee's trust, or the sum of $1,205.00, to be paid in monthly installments of $50.00 a month until said home is sold and thereafter at the rate of $100.00 per month until said sum of $1,205.00 is paid in full; . . ."

For the support and maintenance of the children the parties stipulated:

". . . that plaintiff shall pay defendant for the support and maintenance of the minor child, Lydia Helen Paul, the sum of $75.00 per month until said child reaches majority; and that plaintiff shall pay defendant for the support and maintenance of the minor child, Carole Anne Paul, the sum of $75.00 per month until said child reaches majority."

The court took the ruling under advisement and on the 3rd day of August, 1957, announced its decision. That portion of the court's

decision material to the issues herein set forth in its "Memorandum Decision" reads:

". . . The Court finds from all of the evidence that the plaintiff has failed to sustain the burden of proof as required to establish grounds for divorce. The divorce is therefore denied; however, it is apparent that the parties cannot live together at the present time and the Court grants separate maintenance under the terms of the stipulation entered into by and between the parties *with the exception* that until the real property is disposed of, the plaintiff shall pay to the defendant the sum of $50.00 per month for her support and keep the payments on the house in full force and effect as otherwise provided in the stipulation. Thereafter, he shall pay the defendant the sum of $100.00 per month *for her support* . . ." (Emphasis added.)

The journal entry of judgment recited, among other things, ". . . *that plaintiff pay defendant for her support and maintenance* $50.00 per month until the said home of the parties is sold, as above provided, *and thereafter $100.00 per month until further order of this court.*" (Emphasis added.)

The husband filed a motion for a new trial and at the hearing thereon presented a letter written by the wife on Sunday, July 28, 1957, which he received in his mailbox on the same day. This was the Sunday following the 26th day of July, 1957, when the case was heard before the trial court. The appellant husband contends that this letter, in which the wife admitted all the statements which the plaintiff had made at the trial of the case were true, was newly discovered evidence. The motion for a new trial was overruled. The plaintiff husband in due course appealed from the judgment of the trial court entered on the 3rd day of August, 1957, wherein it was adjudged that a divorce between plaintiff and defendant be denied and that defendant have separate maintenance, and also appealed from the order overruling the motion for a new trial.

The appellant specifies that the trial court erred in allowing the wife separate maintenance. The trial court found from all the evidence that the plaintiff, appellant herein, failed to sustain the burden of proof required to establish grounds for divorce and thereupon refused to grant a divorce. It further found at the time it entered judgment that the parties could not live together and as a further part of its judgment, among other things, granted separate maintenance to the wife, appellee herein. This presents a question of law as to whether the findings support the judgment.

The pertinent portion of G. S. 1949, 60-1506, provides that when a divorce is refused:

". . . the court may for good cause shown make such order as may be proper for the custody, maintenance and education of the children, and for the control and equitable division and disposition of the property of the parties, or either of them, as may be proper, equitable and just, having due regard to the time and manner of acquiring such property, whether the title thereto be in either or both of said parties, . . ."

The pertinent portion of G. S. 1949, 60-1516, material herein reads:

"The wife may obtain alimony from the husband without a divorce, in an action brought for that purpose in the district court, for any of the causes for which a divorce may be granted . . ."

The foregoing two sections of the statute have been held to be compatible with each other, and to evidence a distinction between alimony and an equitable division of property. (*Perkins v. Perkins,* 154 Kan. 73, 114 P. 2d 804, and cases therein cited.) There is a distinct difference between a division of property which simply determines the ownership of property between husband and wife and the allowance of alimony which primarily pertains to support and maintenance. In the case of *Hardesty v. Hardesty,* 115 Kan. 192, 222 Pac. 102, this court speaking through Chief Justice Johnston in 1924, said:

"A division of property is made while the marriage relation continues in existence and is in a sense a substitute for separate maintenance or temporary alimony. It is made regardless of the merits of the application for a divorce or as to the party who is at fault and in making it the court has no power and does not reach into the future and make disposition of subsequent earnings or accumulations of either party. The power of the court only extends over the property owned by the parties when the order for division is made. (*Johnson v. Johnson,* 57 Kan. 343, 46 Pac. 700.) The property set apart by the division was not alimony, which is a provision for the nourishment and support of the wife . . . in the future. Here there was no divorce when the division was made, the parties continued to be husband and wife and the marital obligations of the relation remained. The wife for reasons of her own did not desire a divorce and resisted her husband's application for one. She may have thought that her husband might be reformed, that he might voluntarily resume the discharge of the marital duties and obligations which he had theretofore violated and repudiated and from which he was not entitled to be relieved. . . ." (pp. 194, 195.)

The *Hardesty* case was approved in *Fincham v. Fincham,* 174 Kan. 199, 255 P. 2d 1018, where portions of it were quoted by the court.

Applied to the facts in the instant case, the trial court, having found that no ground for divorce exists by reason of the husband's

failure to sustain the burden of proof and having refused a divorce, was authorized for good cause shown, to order an equitable division and disposition of the property of the parties and to provide for the custody, maintenance and education of the minor children pursuant to G. S. 1949, 60-1506. The trial court had no authority to grant separate maintenance to the wife. Before the trial court could grant separate maintenance it was necessary for the wife to plead and prove, and it was incumbent that the trial court find, that a cause existed for which a divorce may be granted. (G. S. 1949, 60-1516; and *Perkins v. Perkins,* supra.) Here the wife dismissed her cross petition and the only pleadings in force at the time the trial court entered its decision and judgment were the husband's petition and the wife's answer denying that she was guilty of extreme cruelty and gross neglect of duty and denying that the husband was entitled to a divorce. Here, the trial court having found that the husband had not sustained the burden of proof refused a divorce, and as a result the parties continued to be husband and wife and the marital obligations of the relation remained.

The parties stipulated as to a division of their property, but the trial court went beyond the stipulation and decreed separate maintenance. By awarding separate maintenance to the wife the trial court erred.

We find no merit in appellant's other specifications of error.

Briefly summarized, it is contended that under *plaintiff's evidence* defendant was guilty of extreme cruelty and gross neglect of duty, and that *plaintiff's evidence* is credible and has the greater weight. As heretofore noted the wife resisted the divorce at the trial. The trial court had not only the plaintiff's evidence but also the evidence of the defendant to weigh in determining whether plaintiff sustained the burden of proof by a preponderance of the evidence. On appellate review this court has no power to judge the value of the evidence, to weigh the evidence, to consider the credibility of the witnesses, or to resolve conflicts in the evidence or in the reasonable inferences that may be drawn therefrom, and even though there is evidence to support a contrary finding, nevertheless, a finding of the trial court will not be disturbed where the record discloses any competent evidence to support it. (*In re Estate of Guest,* 182 Kan. 760, 324 P. 2d 184.)

An examination of the evidence disclosed by the *transcript of the record* would have justified the trial court, considering appel-

lant's evidence alone, in finding extreme cruelty on the part of the wife under the rule that any unjustifiable and long practiced course of conduct by one spouse toward the other which utterly destroys the legitimate ends and objects of matrimony constitutes extreme cruelty. (*Hayn v. Hayn,* 162 Kan. 189, 175 P. 2d 127; *Brown v. Brown,* 171 Kan. 249, 232 P. 2d 603, 32 A. L. R. 2d 102; and *Hoppe v. Hoppe,* 181 Kan. 428, 312 P. 2d 215.) The trial court was well within its domain, however, to reject or discredit the evidence of the appellant and find as it did in view of the wife's testimony disclosed by the transcript.

On the record presented by this case on this point reference is made to the remarks of Justice Dawson speaking for the court in *Bruington v. Wagoner,* 100 Kan. 439, 164 Pac. 1057, which are appropriate.

Appellant also specified as error the failure of the trial court to grant a motion for a new trial on the ground that the wife's letter of July 28, 1957, was newly discovered evidence. There is no contention that the appellant is not in full possession of his mental faculties. He received this letter on the 28th day of July, 1957, which was prior to the date to which further hearing was continued, and prior to the time when the wife dismissed her cross petition. Under the circumstances it is clear the appellant was not diligent and the ruling was within the discretion of the trial court.

The judgment of the trial court is affirmed, except as to that part relating to a division of the property between the parties and the award of separate maintenance to the wife. As to the excepted portion, the judgment is reversed with directions to the trial court to reconsider its order making a division of the property between the parties.