No. 41,276

Esther Smiley Green and Gerald Green, *Appellants,* v. The State Highway Commission of the State of Kansas, *Appellee.*

(340 P. 2d 927)

Opinion filed June 13, 1959, (For original opinion affirming appeal see *Green v. State Highway Commission,* 184 Kan. 525, 337 P. 2d 657.)

A. *Harry Crane, Ward D. Martin, Arthur L. Claussen* and *Harvey D. Ashworth,* all of Topeka, were on the briefs for appellants.

*Constance M. Achterberg,* and *W. B. Kirkpatrick,* Assistant Attorney General, both of Topeka, and *Howard W. Harper* and *Lee Hornbaker,* both of Junction City, were on the briefs for appellee.

The opinion of the court was delivered by

Fatzer, J.: The appellant landowners ask for a rehearing and a reversal of the decision previously rendered affirming this appeal upon the ground that where an appellant does not specify as error the overruling of his motion for a new trial, trial errors specified are not subject to appellate review, and under such circumstances, the appeal reaches this court as if no motion for a new trial had been filed (*Green v. State Highway Commission,* 184 Kan. 525, 337 P. 2d 657).

The landowners first contend the rule to which this court has consistently adhered, that where the overruling of a motion for a new trial is not specified as error, trial errors will not be reviewed, is inconsistent with modern principles of freedom from technical niceties in perfecting and presenting cases on appeal and defeats the purpose of courts in rendering substantial justice, and should be abandoned. In making the contention, the landowners concede the rule in question is well founded in the precedents of this court, but assert the time has come for serious reappraisal of its foundation and urgently request the court to discard it from procedure for appellate review.

In their brief in support of the petition for rehearing, the landowners have traced the history of the rule applied by this court in disposing of the present appeal. That rule was first adopted in *Carson v. Funk,* 27 Kan. 524, and was taken from the state of In-

diana (*Woodall v. Greater,* 51 Ind. 539; *Lingerman v. Nave,* 31 Ind. 222). In tracing the growth of the rule through the American Digest System, the landowners assert the only other states which have followed it are Illinois, Nebraska, Oklahoma, South Dakota and Texas, and that it has been subsequently discarded as a meaningless technicality which served no substantial purpose by Illinois, Nebraska, South Dakota and Texas, leaving only three rigid adherents to it, namely, Indiana, Kansas and Oklahoma.

Without prolonging the opinion on this point, suffice it to say this court adheres to and reaffirms the long established rule that to obtain appellate review of alleged trial errors in an appeal from an adverse judgment and an order overruling a motion for a new trial, it is necessary to specify as error, in compliance with rule No. 5 of this court, the overruling of the motion for a new trial, and in the absence of such an assignment of error, appellate review is limited to the question whether the judgment is supported by the pleadings and findings of fact, and inquiry will not be made of specifications pertaining only to alleged trial errors. It is unnecessary to cite our numerous decisions applying this rule, but a list of them may be found in 1 Hatcher's Kansas Digest [Rev. Ed.], Appeal and Error, § 181, and 2 West's Kansas Digest, Appeal and Error, § 719 [10].

The landowners next contend their specification of error No. 2 presented a question of law which was not a ground for a motion for a new trial, hence, the rule in question applied by this court in the previous decision was improper. The specification reads:

"2. The jury allowed no damages for the access taken although it was undisputed that the main entrance used by appellants to the pasture to the south from US 40 was taken, and that all access to the zoned commercial corner of US 40 and K 13 was taken plus additional access 100' to the north and 50' to the south thereof."

The landowners' contention is based upon the theory that access rights were taken in the eminent domain proceeding, which had a value as a matter of law and that a verdict which allowed nothing for the taking of such rights without payment of compensation cannot stand.

In the previous opinion it was held the specification in question pertained to the sufficiency of evidence to support the verdict and judgment, hence it was a trial error and not subject to appellate review since the overruling of the motion for a new trial was not

specified as error. The question is a close one and not free from doubt, but we think the landowners' contention that the specification presented a question of law and was subject to appellate review without the necessity of specifying as error the overruling of the motion for a new trial, cannot be sustained upon that basis for the reason that the jury made an allowance in its verdict for the value of the land taken and for damages to the land not taken. The latter allowance must have, of necessity, included damages for loss of rights of access to the land remaining. Evidence of damage was presented to the jury by both parties and the allowance of damage to the land remaining included damage for loss of rights of access (*Simmons v. State Highway Commission,* 178 Kan. 26, 283 P. 2d 392).

Under the circumstances here obtaining, the petition for rehearing is denied.