No. 42,158

M. E. Dick, *Appellant,* v. Maxine Dick, *Appellee.*

(363 P. 2d 457)

Opinion filed July 8, 1961.

*John W. Sowers,* of Wichita, argued the cause, and *Clarence R. Sowers,* of Wichita, was with him on the brief for the appellant.

*Louis W. Cates* and *Thomas A. Wood,* both of Wichita, argued the cause, and *Ora D. McClellan* and *Dan J. Skubitz,* both of Wichita, were with him on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: This appeal arises out of a divorce action and is by plaintiff husband from a judgment granting separate maintenance to his wife.

Plaintiff sued his wife for divorce—charging extreme cruelty. She filed an answer in the form of a general denial, and a cross-petition seeking separate maintenance of $500 per month on the ground that he was guilty of gross neglect of duty and extreme cruelty.

Considerable evidence was introduced at the trial. At the conclusion thereof her demurrer to his evidence was sustained, and his

demurrer to her evidence was overruled. From the bench the court stated that plaintiff's evidence was insufficient to support his petition for a divorce, and further, that the prayer of the wife's cross-petition for separate maintenance was sustained. Judgment was entered directing plaintiff to pay the sum of $270 per month as separate maintenance to the wife and $80 per month for the support of their infant child.

Plaintiff husband has appealed—

". . . from the Order of the Court overruling the plaintiff's Motion for a New Trial and particularly the Order and Judgment denying a divorce herein and particularly to the Order and Judgment pertaining to permanent alimony."

The specifications of error are that the court erred in sustaining defendant's demurrer to his evidence; in overruling his demurrer to defendant's evidence; in granting a judgment of separate maintenance without making a specific finding that a cause existed for which a divorce may be granted; that the court abused its discretion in failing to grant a divorce and in granting a pretended separate maintenance judgment, and that the judgment rendered was grossly excessive.

It is to be noted that plaintiff did not appeal from either of the rulings on the demurrers.

It also is to be noted that plaintiff did not specify as error the order overruling his motion for a new trial.

No appeal being taken from the rulings on the demurrers, they are not subject to appellate review—even though specified as error.

Notwithstanding the fact plaintiff appealed from the order overruling his motion for a new trial, his failure to specify such ruling as error precludes review of alleged trial errors, and the scope of review is limited to the question whether the judgment is supported by the pleadings and the findings. (*Morgan v. Morgan*, 146 Kan. 880, 73 P. 2d 1105; *Jelinek v. Jelinek*, 161 Kan. 362, 168 P. 2d 547; *Shelton v. Simpson*, 184 Kan. 270, 336 P. 2d 159; *Green v. State Highway Commission*, 184 Kan. 525, 337 P. 2d 657 [opinion on motion for rehearing at 185 Kan. 36, 340 P. 2d 927]).

In connection with the question whether the judgment is supported by the pleadings and the findings, attention is called to G. S. 1949, 60-1516, which provides that a wife may obtain alimony from the husband without a divorce in an action brought for that purpose for any of the causes for which a divorce may be granted.

Plaintiff complains of the fact the findings of the trial court, as orally announced from the bench or as set forth in the journal entry

of judgment, do not contain a *specific* finding that a cause existed for which a divorce might be granted—that is, there is no *specific* finding by the court that plaintiff was guilty of any of the statutory grounds for divorce enumerated in G. S. 1959 Supp., 60-1501, and our attention is directed to *Perkins v. Perkins*, 154 Kan. 73, 114 P. 2d 804, where it was said that in an action for alimony, before the trial court may make an award the plaintiff must plead and prove; and the trial court must find, that a cause exists for which a divorce may be granted, and to *Paul v. Paul*, 183 Kan. 201, 326 P. 2d 283, where it was held that before the trial court could grant separate mainte- nance it would be necessary for the wife to plead and prove, and it would be incumbent that the trial court find, that a cause existed for which a divorce could be granted.

We have no fault to find with the holding in either of those cases. Both correctly state the law, but on the *precise* question now before us neither is in point. In the Perkins case the trial court, after hearing the evidence, *found* that the wife should take *nothing* under her cross-petition seeking permanent alimony, and in the Paul case the wife, during the course of the trial, had *dismissed* her cross-petition, leaving *no* pleadings on file to support an award of separate maintenance in her favor.

In the case before us plaintiff husband sued for a divorce on the ground of extreme cruelty. Defendant entered a general denial, and filed a cross-petition seeking separate maintenance on the grounds of *gross neglect of duty* and *extreme cruelty*. The journal entry of judgment contains a specific finding that she is entitled to a judgment for separate maintenance and permanent alimony, and judgment was entered accordingly. We think that the journal entry of judgment properly should have included and set forth the *specific ground or grounds* upon which the judgment was based, and that good practice dictates that such should have been done, but, on this record, we are unable to say that the fact the judgment omits such specific finding constitutes reversible error. An examina- tion of the record leads to the plain inference that the judgment for separate maintenance was based on the fact the court found plaintiff to be guilty of either extreme cruelty or gross neglect of duty, or both—*as alleged in her cross-petition*—the prayer of which the court found to be sustained.

The rule is that a general finding by a trial court determines every controverted question of fact in support of which evidence

has been introduced, and that a general finding raises a presumption that it found all facts necessary to support and sustain the judgment. (*Dryden v. Rogers*, 181 Kan. 154, 157, 309 P. 2d 409; *Manville v. Gronniger*, 182 Kan. 572, 322 P. 2d 789, syl. 2; *Smith v. Smith*, 186 Kan. 728, 352 P. 2d 1036.) Inherent in this judgment is the fact the court found that defendant had established the allegations of her cross-petition seeking separate maintenance, and it may not be said the judgment is not supported by the pleadings and the findings. Other matters argued in the brief of plaintiff are not subject to review.

The judgment is affirmed.

WERTZ, J., dissents.

ROBB, J. (dissenting): I am unable to agree with the majority opinion that it was not reversible error for the trial court to fail to set forth the specific ground, or grounds, upon which the judgment was based for the reason that I think the words of the statute (G. S. 1949, 60-1516) providing for an action in favor of the wife for alimony only, without the granting of a divorce, are clear in that she is required to allege and prove "any of the causes for which a divorce may be granted."

The eleven causes for divorce recognized in this jurisdiction are set out in G. S. 1959 Supp., 60-1501. I believe the only appropriate rule in divorce cases, or in those for alimony only (sometimes denominated *separate maintenance*) is the one applied in *Perkins v. Perkins*, 154 Kan. 73, 114 P. 2d 804, as follows:

"In an action for alimony, before the trial court may make an award the plaintiff *must plead and prove, and the trial court must find that a cause exists for which a divorce may be granted*, but where a divorce is denied it may, for good cause shown, make an order for the equitable division and disposition of the property of the parties." (Syl. ¶ 1.) (My emphasis.)

The above rule was restated in *Paul v. Paul*, 183 Kan. 201, 326 P. 2d 283, Syl. ¶ 1, and has had application in our law as far back as in *Allen v. Allen*, 101 Kan. 622, 168 Pac. 675, where the trial court, in denying alimony, as to grounds or causes for the action made the following finding of fact No. IX:

"The plaintiff's voluntary abandonment and separation from the defendant was not wholly without fault on her part." (p. 624.)

As a result, the trial court made conclusion of law No. II as follows:

"Under the facts presented in this case the plaintiff is not entitled to recover anything from the defendant for separate maintenance." (p. 624.)

In the court's discussion it was stated:

"With the facts established, the second conclusion of law was inevitable. There was no extreme cruelty, because none is found, and there was no gross neglect of duty, because none is found." (p. 624.)

As can be seen from the provisions of G. S. 1959 Supp., 60-1501, were a wife inclined to allege as many as four grounds (or even more) and the trial court would make such a finding as we have in our present case, the presumption would be that the wife had proved one or all of the grounds. This court, in effect, has made a finding for the trial court that the trial court did not make—either because it could not, or merely that it overlooked doing so.

It is my opinion that this case should be reversed and remanded with directions to the trial court that a specific finding be made as to what ground, or what cause, the court found plaintiff was guilty of which would justify granting defendant judgment for alimony, or a new trial should be granted.

FATZER, J., joins in the foregoing dissenting opinion.