No. 42,585

Paul J. Donaldson and Louisene Donaldson, his wife, and C. A. Burnham and Mildred Burnham, his wife, *Appellants*, v. The State Highway Commission of the State of Kansas, *Appellee.*

(370 P. 2d 83)

Opinion filed April 7, 1962.

*Kenneth P. Stewart* and *James R. Hanson*, both of Wichita, argued the cause, and *John E. Boyer, George J. Hondros* and *Harold T. Beck*, all of Wichita, were with them on the briefs for the appellants.

*Ralph M. Hope*, of Wichita, argued the cause, and *Charles N. Henson* and *Harold Henderson*, both of Topeka, and *W. F. Lilleston, George C. Spradling, Henry V. Gott, George Stallwitz, Richard W. Stavely, Charles S. Lindberg* and *Ronald M. Gott*, all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Jackson, J.: The appeal herein involved is by the landowners as appellants from certain orders in a condemnation proceeding brought by the State Highway Commission in acquiring a new right of way for improved state highways.

The present appeal is unusual in that both sides attack the opposing parties' right to appear before the court. First of all, the highway commission challenges the landowners' appeal to this court and contends there is no valid appeal in this case. We must say that it would appear that the commission is correct. That being the case, we shall give only as brief an account of the facts herein as may be necessary to show the fault in the appellants' appeal.

The condemnation proceeding was filed in the Sedgwick district court on November 21, 1957. By December 18, 1957, the tract

owned by the appellant landowners had been appraised at $57,280. On January 7, 1958, the commission filed a motion to approve the award of the commissioners and on the same day, the court approved the commissioners' award, fixed the appraisers' fees, and taxed the costs. It is also shown that on January 10, 1958, the highway commission paid in the total amount of the appraisers' awards to the clerk of the district court, and on January 20, 1959, the landowners herein applied to withdraw the $57,280, which the appraisers had allotted to them for the land taken for highway purposes. On the same day the landowners received their money.

Before the landowners received their money, the highway commission had on January 16, 1958 filed a verified condemnor's estimate of just compensation and also a notice of appeal. The commission's estimate placed the value of the landowners' property at the figure of $42,960. The above procedure adopted by the highway commission was at least an attempt to follow the procedure outlined in G. S. 1961 Supp. 26-102 as that section of the statute was amended in 1953. The idea of the commission is that the condemnation should become complete at once, with the title passing to the commission, but that the commission should retain the right to appeal as to the price paid for certain of the condemned lands.

It should also be noted that from the counter abstract, we find the above landowners also appealed from the award of the appraisers on January 17, 1958. The two appeals were later consolidated.

The above consolidated appeals from the award of the appraisers were finally tried by the district court to a jury from February 7 to 9, 1961, with the jury bringing in a verdict which amounted to $5,728 less than the landowners had received under the award of the appraisers. Thus the order of the district court was that the landowners pay back to the highway commission the above amount of $5,728 with interest at 6% per annum from the 9th day of February, 1961. Since the landowners appealed from the appraisers' award themselves, it would appear to make little difference whether the commission did or did not appeal. See *Moore v. Kansas Turnpike Authority,* 181 Kan. 840, 317 P. 2d 384; and *Jenkins v. Kansas Turnpike Authority,* 181 Kan. 862, 317 P. 2d 401.

Prior to the above trial, the landowners had on January 20, 1961, filed a motion to dismiss the appeal of the highway commission on ground that the commission had acquiesced in the award of the appraisers by paying into the clerk the full amount of the award

and obtaining approval thereof before starting any move to appeal from the award. This motion was overruled on February 1, 1961, and landowners immediately filed an appeal to this court, which they later dismissed.

At the beginning of the trial on February 7, 1961, the landowners renewed this above motion to dismiss because of acquiescence by the highway commission and also filed another motion to the effect that the evidence as to the value of the landowners' property be limited to testimony that it had a value of $2,000 per acre or higher. It was contended that the commission had acquiesced in that value for the land. The trial court overruled these two motions and proceeded to trial with a result as noted above. Landowners filed a motion to set aside the verdict and to grant a new trial. The trial court overruled the motion.

On April 7, 1961, landowners filed their appeal to this court in which they appealed only from the motion of January 20, 1961, noted above and also from the two motions filed at the beginning of the trial on February 7, 1961, as above noted. There is no appeal from either the final judgment or from the order overruling the motion for a new trial. It is mentioned in the notice of appeal that the court covered the overruling of the motions of February 7, in the journal entry formalizing the judgment, but it is clear that no appeal is taken from the judgment itself.

Rather belatedly on February 8, 1962, appellant landowners filed a new notice of appeal seeking to amend their appeal by adding to the scope of the appeal the order denying the granting of the motion for new trial. This last notice is ineffective since the court has definitely concluded that an amendment to the notice of an appeal can be made only under G. S. 1949, 60-3310, in a case in which a valid, subsisting appeal already exists. This was the holding in the case of *National Reserve Life Ins. Co. v. Hand*, 188 Kan. 521, 363 P. 2d 447, which is a very recent decision and one in which the court re-emphasized the various rules of appellate jurisdiction. We direct the attention of those interested to the Hand case and the authorities there cited.

From what has been said above, it is clear that appellants have appealed from no final, appealable orders. The denial of a motion to dismiss is usually held not to be an appealable order until final judgment has been rendered and is appealed from. (*Runnels v. Montgomery Ward & Co.*, 165 Kan. 571, 195 P. 2d 571 and cases

cited.) The motion as to the limitation of evidence would require the filing of an appeal from the motion for new trial since it would be in the nature of a trial error. (*Russell v. Phoenix Assurance Co.,* 188 Kan. 424, 362 P. 2d 430; *Dick v. Dick,* 188 Kan. 487, 363 P. 2d 457; *Ford v. Sewell,* 188 Kan. 767, 366 P. 2d 285.)

All that remains to be said is that the motion of the State Highway Commission to dismiss the appeal of the landowner appellants must be sustained. The appeal of the appellants is hereby dismissed. It is so ordered.