NOT DESIGNATED FOR PUBLICATION

No. 122,379

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Appeal of
DAVID GREENE JR., MARCIA GREENE, and C&J WHOLESALE,
LLC, From an Assessment of Tax Upon Marijuana and Controlled
Substances.

MEMORANDUM OPINION

Appeal from Butler District Court, JANETTE L. SATTERFIELD, judge. Opinion filed May 14, 2021.
Affirmed.

*Jay D. Befort*, of Legal Services Bureau, Kansas Department of Revenue, for appellant.

*Gerald N. Capps*, of Wichita, for appellees.

Before POWELL, P.J., GREEN and HILL, JJ.

PER CURIAM: The Kansas Department of Revenue (KDOR) appeals the district
court's denial of its motion for summary judgment and the district court's grant of
summary judgment to David M. Greene Jr., Marcia Greene, and C & J Wholesale, LLC
(Petitioners). KDOR assessed drug taxes against the Petitioners for possession of
controlled substances. KDOR first assessed taxes on a product which the Board of Tax
Appeals (BOTA) later ruled was not a controlled substance when the tax was imposed.
KDOR then issued an amended assessment which included other controlled substances,
but KDOR later abated the amended assessment. Because no outstanding tax assessments
remained for consideration, we affirm the district court's summary judgment.

KDOR taxed Petitioners $460,000 under K.S.A. 79-5201 et seq. (the Kansas Drug
Tax Act). This case began with a search and seizure of controlled substances, involving
two buildings, two LLCs, multiple people, and multiple categories of controlled

1

substances. Petitioners contend that KDOR only assessed taxes against them for the potpourri product called "Diablo," which was seized from 2502 W. Central in El Dorado, Kansas. Diablo was not a controlled substance then, and BOTA ruled that tax assessments on Diablo were invalid. KDOR issued amended tax assessments against Petitioners, but then it later abated those amended assessments. Because no tax assessments against Petitioners remain, the district court properly entered judgment for Petitioners.

*The potpourri called "Diablo" was not a controlled substance in August 2012.*

In July 2012, the Kansas Board of Pharmacy adopted a temporary K.A.R. 68-20-30, adding tetramethylcyclopropanoylindoles, commonly referred to as UR-144 or F-UR-144 to the K.S.A. 2012 Supp. 65-4105 list of schedule I controlled substances.

In August 2012, KDOR assessed drug taxes in the amount of $460,000 against David Greene Jr. (David) and Marcia Greene for possession of UR-144 and F-UR-144 in the form of a potpourri product called Diablo.

In September 2014, BOTA held that UR-144 and F-UR-144 were not properly included in the statutory definition of controlled substances until July 2013. Accordingly, BOTA ruled that tax assessments against these substances before July 1, 2013, were invalid. On appeal, this court affirmed. *In re Tax Appeal of Hasting*, No. 112,700, 2016 WL 763569 (Kan. App. 2016) (unpublished opinion).

*220 Metcalf Road*

David and Marcia Greene are husband and wife. They are the owners of C & J Distributing (Distributing), a sole proprietorship. Distributing is in the wholesale business, and its activities include selling candy, tobacco, cigarettes, and restaurant

2

supplies to retailers such as gas stations and convenience stores. David also acknowledged that he bought and sold Diablo.

David and Marcia Greene are the parents of David Greene III (Davy) and Jonathan Greene. Davy and Jonathan own C & J Wholesale, LLC (Wholesale). Jonathan, however, did not do any work or perform services for Wholesale. Instead, he was a long-term employee of Distributing. Wholesale sold novelty items, rented properties, and set up events. Wholesale's phone number was Davy's cell phone. The Greene family had an understanding that both Distributing and Wholesale would use "C & J" so that Davy and Jonathan could keep their parents' direct account status with major tobacco manufacturers and carry on the cigarette business after David and Marcia retired.

David owns the building located at 220 Metcalf Road in El Dorado, Kansas. Distributing operated at that location from 1981 to August 2010. The building has 16 rooms and a warehouse area. In August 2010, David and Marcia moved Distributing out of the building and leased 220 Metcalf to Century Plastics, Inc. Century Plastics stored its inventory in the warehouse on the east side of the building, but it did it not use the rooms on the west side of the building. From August 2010 to September 2012, Century Plastics possessed the entire property as the only tenant. As the tenant at 220 Metcalf, Century Plastics had keys to the building and openers for the overhead garage door.

But other people had keys to the Metcalf warehouse, namely, David, Marcia, Davy, and Jonathan, plus Wade Hamilton, J.R. Carlisle, and Benjamin Huff. Carlisle worked in construction and helped Davy maintain rental properties. Huff was a former employee of Distributing, but he kept a key to 220 Metcalf because he was friends with David. Huff operated two retail businesses: the Blitzed Detox Shop in Emporia and the All Out Detox Shop in El Dorado.

Law enforcement identified the Blitzed Detox Shop as a source of synthetic cannabinoids, and Huff was eventually convicted on narcotics charges. During the investigation, evidence connected Huff to Davy, Distributing, and the 220 Metcalf warehouse. Police arrested Blitzed Detox Shop employee Jonathan Pope. Pope then told police in an interview that Huff and Carlisle were manufacturing controlled substances in Davy's warehouse at 220 Metcalf. Police obtained a search warrant for both Distributing at 2502 W. Central and Wholesale at 220 Metcalf.

On August 7, 2012, police searched the 220 Metcalf warehouse. David let officers into the building, unlocking the front door. But some unknown person had placed a lock on the door to Room 5 in the warehouse. David did not have a key to Room 5, and police had to kick the door open.

In Room 5, police found several controlled substances, which they sent to the Kansas Bureau of Investigation Forensic Laboratory for testing. Property Item No. 3 weighed 1,465.73 grams and contained a controlled substance called AM-2201. It also contained UR-144, F-UR-144, and CI-UR-144, which were later determined not to be controlled substances. Property Item No. 17 weighed 835.05 grams and contained the controlled substances AM-2201 and JWH-250.

*2502 W. Central*

In December 2010, just after leasing 220 Metcalf to Century Plastics, David and Marcia moved Distributing to 2502 W. Central, Suite F, which was across the street from 220 Metcalf. The same day that police searched 220 Metcalf, they asked David to take them to 2502 W. Central, where they collected evidence. Evidence obtained from 2502 W. Central included four vials of vegetation and a packet of Mega Buzz potpourri. Three of the vials, labeled "Wicked X," contained AM-2201. The fourth vial, labeled "Happy

4

Hour," contained RCS-4. And the Mega Buzz potpourri contained JWH-018 and JWH-250.

Property Item No. 8 included 1,144 plastic vials labeled "Diablo." The Kansas Bureau of Investigation determined that 65 of the vials weighed 73.48 grams and contained F-UR-144 and UR-144. The remaining vials were not tested.

Agent Joseph Garman from KDOR served tax assessments on David and Marcia for $460,000, including tax and penalty. KDOR issued one assessment to David M. Greene, d/b/a C & J Distributing and one to Marcia Greene, d/b/a C & J Distributing. Both were dated August 7, 2012. The record contains no assessment against Wholesale dated August 7, 2012. The tax was based on the presence of 1,150 grams of a controlled substance. David asked Garman what the tax was for, and Garman pointed to the Diablo product and said it was for a controlled substance at 2502 W. Central.

Garman prepared an investigative report, which stated that agents located 1,150 grams of Diablo at 2502 W. Central. The report also stated that Diablo contained the controlled substance UR-144.

In March 2013, KDOR sent David a letter stating that the August 7 tax assessments were issued on a product labeled Diablo found in the warehouse at 2502 W. Central.

But in April 2013, KDOR sent a letter to Wholesale, which stated the following: "Although lab reports are not yet available for the various products seized during the search of *the two buildings* under the control of the taxpayer on August 7, 2013, *upon which the assessment is based*." (Emphasis added). Although this letter described the tax assessment as based on substances from both buildings, KDOR's assertion is contradicted

5

by the parties' stipulated facts, Nos. 35-37, which stated that the tax was assessed for possession of 1,150 grams of a product known as Diablo.

*The amended assessment*

Significantly, BOTA ruled in 2014 that tax assessments against UR-144 and F-UR-144 before July 1, 2013, were invalid, including the assessments against David and Marcia Greene. This court affirmed in February 2016. See *In re Tax Appeal od Hasting*, 2016 WL 763569, at *1.

In April 2016, KDOR issued amended tax assessments against Wholesale and David and Marcia Greene. In June 2016, KDOR abated the April 2016 assessments in three separate letters from the Secretary's Designee to Wholesale, David Greene, and Marcia Greene. KDOR did not appeal the abatement by the Secretary's Designee under K.S.A. 2016 Supp. 74-2438(a).

In December 2017, BOTA upheld the tax assessment of $460,000 plus interest.

*The district court's ruling*

Petitioners appealed the BOTA decision to the district court. KDOR moved for summary judgment. In July 2019, the district court held a hearing on KDOR's summary judgment motion. At that hearing, KDOR told the court that the first assessment was no longer part of the case because it assessed taxes only against the Diablo found at 2502 W. Central. Petitioners explained that KDOR had also abated the amended assessment. Thus, the district court sought clarification from KDOR's counsel by summarizing the facts of the case as follows:

6

"[I]t seemed to me, that everything was pretty well stipulated to, and if we're at that point—and then, [Petitioner's counsel is] alleging one is—one is out the window because of a Court of Appeals decision. The other is out the window because your own agency decided to not go forward based on the amended assessment issued."

Counsel for KDOR agreed, indicating that the case would logically end once KDOR abated the amended tax assessment. Counsel for Petitioners pointed to exhibits showing that KDOR abated the amended tax assessment.

The district court then discussed the relevance of KDOR's factual claims about possession over controlled substances in Room 5 of 220 Metcalf. The district court stated the following: "[I]f there were any issues remaining in this case, that it was one of proving the possession—sufficient possession to even be taxed in that room. But we don't even get to that issue, because there's nothing left to be taxed." The district court then denied summary judgment for KDOR and instead granted summary judgment for Petitioners.

KDOR timely appeals.

*Did the District Court Err by Ruling That the Petition Complied with the Requirements of the Kansas Judicial Review Act (KJRA)?*

KDOR argues that the district court erred by denying its motion to dismiss. First, KDOR claims that it lacks the capacity to sue or be sued in this matter. Alternatively, it claims that the petition did not comply with the requirements of the KJRA. Because KDOR's first argument is irrelevant and the second is insufficiently briefed, this court should affirm.

7

Denial of a motion to dismiss is usually not an appealable order until final judgment is rendered and appealed from. *Donaldson v. State Highway Commission*, 189 Kan. 483, 485, 370 P.2d 83 (1962). When appellate courts review a district court's ruling on a motion to dismiss, review is unlimited. *Williams v. C-U-Out Bail Bonds*, 310 Kan. 775, 784, 450 P.3d 330 (2019).

First, KDOR claims that it lacks the capacity to be sued. But the action filed here is a petition seeking judicial review under K.S.A. 74-2426. K.S.A. 74-2426(c) states the following:  "Any action of [BOTA] pursuant to this section is subject to review in accordance with the Kansas judicial review act." And K.S.A. 74-2426(c)(4)(B) allows for review in the district court. Petitioners cited to and filed under K.S.A. 74-2426(c)(4)(B). Further, the petition to the district court did not name KDOR as a defendant. Instead, Petitioners identified KDOR as a party to the BOTA proceedings which were the subject of the appeal. The district court correctly ruled that Petitioners filed for review under the KJRA. Thus, KDOR is not being sued, and KDOR's capacity to be sued is not at issue.

Second, KDOR claims that Petitioners did not comply with the requirements of the KJRA. In KDOR's motion to dismiss before the district court, KDOR asserted that Petitioners failed to obtain proper service, failed to make sufficient allegations, failed to show exhaustion of administrative remedies, and failed to include mailing addresses. The district court allowed Petitioners to file an amended petition rectifying these deficiencies. On appeal, KDOR makes the conclusory statement that Petitioners made some amendments but failed to comply with all the requirements of the KJRA. KDOR does not explain which requirements Petitioners did not meet.

Also, KDOR's statement that the district court erred is similarly conclusory, especially when it contended the following:   "Petitioners' failure to follow the KJRA pleading and practice requirements in K.S.A. 77-601 et seq. required the district court to dismiss this matter as originally requested by the KDOR." KDOR, however, cites no

8

legal authority supporting the idea that the district court erred by allowing an amended petition rather than dismissing the petition. So KDOR fails to show why we should accept its argument as correct. Also, issues not adequately briefed are deemed waived or abandoned. *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018). For this reason, KDOR's argument fails.

*Did the District Court Err in Granting Summary Judgment for Petitioners?*

KDOR argues that the district court erred because it did not construe the facts in the light most favorable to KDOR. In its summary judgment ruling, the district court wrote that the evidence appeared insufficient to show that David and Marcia Greene possessed the substances seized at 220 Metcalf. KDOR argues that the district court erred by construing these facts against it when granting summary judgment to Petitioners.

> "Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions on file, and supporting affidavits show that no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. The district court must resolve all facts and reasonable inferences drawn from the evidence in favor of the party against whom the ruling [is] sought. When opposing summary judgment, a party must produce evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issue in the case. Appellate courts apply the same rules and, where they find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment is inappropriate. Appellate review of the legal effect of undisputed facts is de novo. [Citation omitted.]" *GFTLenexa, LLC v. City of Lenexa*, 310 Kan. 976, 981-82, 453 P.3d 304 (2019).

When the controlling facts are based on the parties' joint stipulations, an appellate court determines de novo whether the moving party is entitled to a judgment as a matter of law. *Stewart Title of the Midwest v. Reece & Nichols Realtors*, 294 Kan. 553, 557, 276 P.3d 188 (2012).

The appellate court reviews the district court's denial of a motion for summary judgment de novo, viewing the facts in the light most favorable to the party opposing summary judgment. "If 'reasonable minds could differ as to the conclusions drawn from the evidence'—in other words, if there is a genuine issue about a material fact—summary judgment should be denied. [Citation omitted.]" *Siruta v. Siruta*, 301 Kan. 757, 766, 348 P.3d 549 (2015).

Here, the district court's written ruling memorialized its statements from the bench. At the hearing, the district court stated that the first assessment was "out the window" because it taxed Diablo, which was not a controlled substance, and the second assessment was "out the window" because KDOR abated the second assessment. The district court's written ruling explained as follows:

> "The 'Diablo' David Greene Jr. and Marcia Greene possessed at the time of assessment has been determined to not be a controlled substance. The substances seized at 220 N. Metcalf, Room #5 and assessments thereto were abated as to David Greene Jr. and Marcia Greene with no appeal sought."

The district court then commented on evidence of possession as follows: "However, as a further note, the evidence appears to be insufficient to show David Greene Jr. and Marcia Greene possessed the substances seized at 220 N. Metcalf, Room #5." The district court also commented that Davy's connection to the controlled substances does not establish his parents' liability. KDOR's complaint on appeal is that the district court should have viewed evidence of possession in the light most favorable to KDOR. But the district court's aside about possession was explicitly not the basis for its ruling. The district court ruled simply that KDOR did not assess taxes on those controlled substances against Petitioners, whether Petitioners possessed the substances or not.

10

A review of the record shows that the district court was correct. The stipulated facts and the documents in the record show that no genuine issue of material fact remains. Each petitioner was released from tax assessments in some way. Firstly, KDOR assessed taxes against petitioner David Greene for possession of Diablo at 2502 W. Central. But those taxes were invalid because Diablo was not a controlled substance when the tax assessment was made. Although KDOR amended its assessment, it later abated the amended amendment. Secondly, KDOR's assessments against petitioner Marcia Greene were first invalid and then abated by documents identical to David's assessment.

Lastly, KDOR did not initially assess taxes against petitioner Wholesale, or at least there is no initial assessment in the record on appeal. The burden is on the party making a claim to designate a record sufficient to present its points to the appellate court and to establish its claims. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644, 294 P.3d 287 (2013). Nevertheless, an amended assessment against Wholesale is in the record, but so is KDOR's statement abating the amended assessment against Wholesale. Thus, no tax assessments remain against any of the Petitioners. After reviewing the stipulated facts and the tax assessments themselves, the district court properly entered summary judgment for Petitioners. Under K.S.A. 60-256, a court may enter summary judgment in favor of the nonmoving party on its own motion where there remains no genuine issue as to any material fact and, on the evidentiary record, judgment must be for one of the parties as a matter of law. *Wilcox v. Wyandotte World-Wide, Inc.*, 208 Kan. 563, 572, 493 P.2d 251 (1972). For the preceding reasons, we affirm.

Affirmed.